# DISTRICT OF COLUMBIA v. WASHINGTON TERMINAL COMPANY.

APPEAL; MANDATE; AMENDMENT OF BILL; TERM OF COURT.

1. A mandate to a lower court advising it that its action in dismissing

a bill is affirmed, though this standing alone would indicate that the court had no further jurisdiction with respect to the case, must be read in the light of subsequent language, which directs the court to take "such further proceedings," if any, as it may "deem proper," which necessarily implies that the case is restored to the lower court with power to make the orders indicated.

2. A motion for leave to amend the bill in a case after a dismissal for want of equity has been affirmed on appeal, with a direction for such further proceedings, if any, as the lower court may deem proper, is not too late because not made until after the term of court during which the mandate was filed, since the rule with respect to terms has no application to matters that are open for action.

3. The right of a party to amend his pleadings "at any stage of the cause" under sec. 274a of the Judicial Code (38 Stat. at L. 956, chap. 90) includes the right to make a motion therefor under a mandate from an appellate court directing further proceedings, although the term of court during which the mandate was filed has expired.

No. 3110.  Submitted March 7, 1918.  Decided April 1, 1918.

HEARING on an appeal from an order of the Supreme Court of the District of Columbia denying a motion by the plaintiff to amend his bill in equity to conform to a declaration at law.

*Reversed.*

· The COURT in the opinion stated the facts as follows:

The District of Columbia brought action in equity against the Washington Terminal Company to have a lien declared upon certain property for taxes, and to enforce the lien. The bill was dismissed for want of equity, and the dismissal was, upon appeal, affirmed by this court. A mandate issued, but on motion of the District was recalled, amended, and reissued. The amended mandate first advised the lower court that its decree was "affirmed with costs," and then followed with a statement "directing that such further proceedings be had in the supreme court, if any, as the said supreme court may deem proper." It was filed in the lower court in May. In the following June, after the May term had adjourned, the District moved for leave to amend the bill "so as to conform to a declara-

tion at law." This motion was denied on the stated ground that "it was not seasonably made."

Mr. *Conrad H. Syme,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the appellant:

Whether the failure to file the motion to amend at the same special term of the equity court in which a mandate comes down from this court deprives the court of power to grant the motion.

"Law rule No. 1. The terms of the court shall begin as follows: * * * of the equity court, on the first Tuesday in each month."

"2. Continuation of.—Each term shall continue until the commencement of the next term, and as to any particular cause, until the final disposition of any motion, petition, or bill of exceptions contemplated be filed or submitted within the time allowed by the rules."

The original mandate was filed April 2, the amended one on May 25. The express object of the latter was "for such further proceedings, if any, as may be proper." Under rule 1; paragraph 2, above quoted, the term did not expire until "the final disposition * * * of the petition." This language could not apply to the motion, because that had not been filed.

Further, it is provided by sec. 399 of the Code, chapter 8, under the head of amendments—

"Sec. 399. In all judicial proceedings the court, justice or judge, in which, or before whom, the cause shall be pending, shall have power upon such terms as shall seem best, at any stage of the case, to allow amendments of writs, pleadings, or other papers in the cause and to allow supplemental or substituted affidavits to be filed."

The court below having been empowered by this court to proceed further, and having recognized a pending cause, was undoubtedly empowered, under this provision of the Code, to allow the amendment asked.

Rules and statutes providing for amendments are liberally construed to further hearings on the merits. *Alfred Richards Brick Co.* v. *Atkinson,* 16 App. D. C. 462; *Wagenhurst* v.

*Wineland,* 22 App. D. C. 356, 367; *Wiggins' Ferry* v. *Ohio, etc., Co.* 142 U. S. 396, 413.

The Act of March 3, 1915 (38 Stat. at L. 956), also provided "that any party to the suit shall have the right, at any stage of the cause, to amend his pleadings," etc. (sec. 274-a).

There is another view of the question worthy of serious consideration. A mandate from any appellate court to an inferior cannot, in the very nature of judicial procedure, be hampered or nullified by any rule of procedure existing in the inferior court to which the mandate is directed. If a mandate directing a reversal and dismissal, or reversal and modification, or an affirmance with modifications, or, as in this case an affirmance with direction to permit proper amendments, can be nullified by a rule of the lower court, then the distinction between original and appellate jurisdiction is obliterated, and every court of original jurisdiction can shelter itself behind its own rules and ignore a mandate of an appellate court. This is obviously a *reductio ad absurdum;* but is precisely what happened to the case at bar.

*Mr. George E. Hamilton* and *Mr. John J. Hamilton,* for the appellee:

The three decisions cited by appellant show that the court reversed each of said cases for the express purpose of permitting amendments to the pleadings. The uniform practice of appellate courts is to reverse a decree whenever the court decides that the pleadings in the lower court should be amended.

Furthermore, it is submitted that by the terms of the amended mandate this court expressly left it to the discretion of the lower court to determine whether any further proceedings could or should be allowed, and, if so, the form which such proceedings should take. The trial court loses the power to set aside, reopen, or amend its final decree in any case after the term at which said decree was entered has expired, unless such decree is reversed by an appellate tribunal.

A final decree in chancery is as conclusive as a judgment at law. Both are conclusive on the rights of the parties thereby adjudicated. *Sibbald* v. *United States,* 12 Pet. 488.

"After the term has ended, all final judgments and decrees of the court pass beyond its control, unless steps are taken during that term, by motion or otherwise, to set aside, modify, or correct them; and if errors exist, they can be corrected only by such proceeding, by writ of error or appeal, as may be allowed in a court which, by law, can review the decision." *Bronson* v. *Schullen,* 104 U. S. 410.

See also *Cameron* v. *McRoberts,* 3 Wheat. 591; *Texas & P. R. Co.* v. *Anderson,* 149 U. S. 237.

The exercise by the lower court of a discretion reposed in it by the law or by the mandate of an appellate court is not subject to review on appeal, except for gross abuse of such discretion. *Walden* v. *Bodley,* 14 Pet. 156; *Bullitt County* v. *Washer,* 130 U. S. 145; *Gormley* v. *Bunyan,* 138 U. S. 630; *Sawyer* v. *Piper,* 189 U. S. 157; *Royal Ins. Co.* v. *Miller,* 199 U. S. 369.

The lower court had no power to do anything more than it was authorized to do by the mandate, and if it has acted in conformity with the mandate then no appeal lies from its action in the premises. *Durant Co.* v. *Essex,* 101 U. S. 556; *Mc-Micken* v. *Perin,* 18 How. 511; *Ex parte Dubuque & P. Co.* 68 U. S. 73; *Stewart* v. *Salamon,* 97 U. S. 362; *Humphrey* v. *Baker,* 103 U. S. 737; *Re Washington, Georgetown R. Co.* 140 U. S. 96.

No appeal lies from a decree entered in exact conformity with the mandate. *Mackall* v. *Willoughby,* 6 App. D. C. 125; *Mc-Lane* v. *Cropper,* 6 App. D. C. 422; *Warner* v. *Grayson,* 24 App. D. C. 55.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The amended mandate seems to contain inconsistent provisions, but it conforms to the motion calling for it; and therefore, if any criticism is to be employed, it must be leveled against the motion, which should have asked that the first mandate be recalled, the judgment of this court modified, and a new mandate issued. This, however, was not done, and we must deal with the record as it is.

An appellate court speaks to the lower court through its

mandate (*Horton* v. *State,* 63 Neb. 34, 88 N. W. 146), which is binding upon that court. *Barbour* v. *Tompkins,* 58 W. Va. 572, 3 L.R.A.(N.S.) 715, 52 S. E. 707; *Cowdery* v. *London & S. F. Bank,* 139 Cal. 298, 96 Am. St. Rep. 115, 73 Pac. 196. The mandate, of course, must be interpreted. The one before us first advised that court that its action in dismissing the bill was affirmed. This standing alone would indicate that the court had no further jurisdiction with respect to the case; but we cannot consider it apart from the rest of the mandate. It must be read in the light of the language which directed the court to take "such further proceedings," if any, as it might "deem proper." This necessarily implied that the case was restored to the lower court with power to make the orders indicated. Unless we put this construction upon the mandate, we would have to reject as meaningless all that part which directs the lower court to take further proceedings, and treat the mandate just as it was before the amendment,—a mandate of affirmance only. But this we may not do, for it is a rule of construction that every word in a document should be given effect if possible (*Wilmot* v. *Mudge,* 103 U. S. 217, 26 L. ed. 536; *Ladd* v. *Ladd,* 8 How. 10, 12 L. ed. 967; *Montclair Twp.* v. *Ramsdell,* 107 U. S. 147, 27 L. ed. 431, 2 Sup. Ct. Rep. 391), and it is possible to do so here.

The court below, for some reason not disclosed by the record, reached the conclusion that the motion for leave to amend was not seasonably made, and denied it on that ground. The District asserts, but the appellee denies it, that the court was of the opinion that it had no authority to make any order in the case after the term during which the mandate was filed had adjourned. If this be the ground of the denial, it was not well taken, for the rule with respect to terms has no application to matters that are open for action, and this matter was in that condition as disclosed by the mandate.

It is urged that, apart from the ground upon which the court based its action, its refusal to consider the motion was right because, as claimed, there is no authority under sec. 274a of the Judicial Code [38 Stat. at L. 956, chap. 90], the one on which the District based its motion, to grant such a motion after a

final decree has been affirmed on appeal. This may be conceded; but the instant case was not finally disposed of, according to our construction of the amended mandate. In other words, this court through that mandate opened up the case for the purpose of letting in the motion we are considering. This is made clear by a consideration of our opinion upon which the mandate emerged. After calling attention to the fact that the statute authorizing the levy of the tax before the court for judgment did not provide any means for its collection, the court referred to the rule that "where a statute creates a right and gives no remedy, the party may resort to the usual remedy applicable to such a case," and then said: "Nor does it appear that an action at law would be futile." Reading the mandate in the light of this statement, as we must do (*Re Sanford Fork & Tool Co.* 160 U. S. 247, 40 L. ed. 414, 16 Sup. Ct. Rep. 291; *Wayne County* v. *Kennicott*, 94 U. S. 498, 24 L. ed. 260), it is manifest that the purpose of the court in amending it was to direct the lower court to grant to the District the right to amend its pleading so as to proceed on the law side of the court without the expense and loss of time incident to the commencement of a new action. Section 274a of the Judicial Code was passed, in our judgment, for just such a purpose. It is remedial and must be construed liberally. It says that "any party to the suit shall have the right, at any stage of the cause, to amend his pleadings." As we have seen, the motion was at a stage in the cause and was therefore seasonably made. For these reasons we think the judgment of the lower court was wrong, and it is in consequence reversed at the cost of the appellee, and the case remanded for further proceedings not inconsistent with this opinion.                                   *Reversed and remanded.*