Mary KRITSIDIMAS, Appellant,

v.

Herman SHESKIN et al., Appellees.

No. 79–134.

District of Columbia Court of Appeals.

Argued Nov. 14, 1979.

Decided Feb. 13, 1980.

Rehearing and Rehearing En Banc Denied April 9, 1980.

---

Harold A. Sakayan, Washington, D. C., with whom Gerald I. Holtz was on the brief, for appellant.

Ralph C. Cole, Washington, D. C., for appellees.

Before NEWMAN, Chief Judge, and KERN and PRYOR, Associate Judges.

PER CURIAM:

Appellant contests the validity of an order entered by the trial court dismissing her cause of action for failure to prosecute. Finding her argument persuasive, we reverse and remand the case to the trial court for reinstatement of the cause of action.

In 1966 appellant was involved in an automobile accident with appellees. In 1969 (shortly before the statute of limitations had run) appellant filed a suit in the United States District Court for the District of Columbia alleging that appellees had, by their negligence, caused personal injuries and property damage to her. The District Court in 1972 certified the case to the Superior Court of the District of Columbia on grounds that the action would not justify a verdict in excess of $50,000. The Superior Court set the matter for a 1973 jury trial and later granted a continuance to 1974 at the request of appellant's counsel.

In early 1975 appellant filed a grievance with the Disciplinary Board of the District of Columbia Bar, complaining that her attorney had failed to communicate with her about the case for nearly three years. In response, the Disciplinary Board informed appellant in writing that after investigating the matter it had determined that her attorney was "doing all that [could] be done in the circumstances" and that she would "be served best by allowing him to continue in the case." (Record at 43.) At about the same time as this exchange of letters, appellant's counsel filed a praecipe requesting that the case be set down for trial. This praecipe apparently was never acted upon.

In September 1977 appellant's counsel died. In December 1977 appellant retained her present counsel, who immediately filed a motion to assign the case for trial. In January 1978 appellees filed an opposition to this motion and, in addition, filed a motion to dismiss for failure to prosecute. On hearing these various motions in March 1978, a trial court judge denied the motion to dismiss and set the case down for a February 1979 trial.

At the pretrial conference conducted by another judge of the trial court on January 11, 1979, appellees again raised the issue of failure to prosecute. Finding that the case law on this issue would "indisputably compel the dismissal of this cause," the pretrial judge dismissed the action for failure to prosecute and entered judgment for appellees. (Record at 61–62.)

■ In appealing dismissal of her action, appellant relies on the "law of the case" doctrine. This doctrine holds that once the court has decided a point in a case, that point becomes and remains settled unless or until it is reversed or modified by a higher court. *See generally* 1B Moore's Federal Practice ¶ 0.404 (1974). The doctrine serves the judicial system's need to dispose of cases efficiently by discouraging "judge-shopping" and multiple attempts to prevail on a single question. In the context of this case, appellant claims, the "law of the case" doctrine dictates that she as the plaintiff

not be required to defend more than once against a motion to dismiss for failure to prosecute; having prevailed on this issue and having persuaded the court to proceed to the merits, she argues that the point is settled and unassailable unless repealed by a higher court or a change in the law.

However, the "law of the case" doctrine has two limitations potentially relevant to the present appeal. First, the doctrine does not apply where the first ruling has little or no "finality" to it; such a ruling does not constitute the "law of the case." *See, e. g., United States v. Davis*, D.C.App., 330 A.2d 751, 755 (1975). Second, even where the ruling does constitute the "law of the case" because it has sufficient finality, courts have found it appropriate to depart from that "law of the case" where the first ruling is clearly erroneous in light of newly-presented facts or a change in substantive law.

The present appeal is not subject to either of these limitations, and the "law of the case" doctrine therefore applies with full force. As to the first potential limitation, we conclude that the denial of a motion to dismiss for failure to prosecute possesses sufficient finality to become the "law of the case" on the single issue which it addressed.[1] In so holding, we distinguish three prior decisions of this court. In *Elmira Corp. v. Bulman*, D.C.Mun.App., 135 A.2d 645 (1957), this court declared that a ruling denying a motion for summary judgment "did not constitute a final order." *Id.* at 647. However, in that case the second decision was *not* a grant of a motion for summary judgment but rather a grant of judgment for the party which had prevailed on the summary judgment decision. This court did not suggest that a *denial* of a motion for summary judgment would not have constituted a final order (and therefore the "law of the case") for the purposes of disposing of a motion for summary judg-

ment repeated by the same party on identical affidavits.

Likewise, in *Washington v. Government of District of Columbia*, D.C.Mun.App., 152 A.2d 191 (1959), this court declared "that an order denying a motion to dismiss or for summary judgment is an interlocutory and not a final order and that a final judgment is required to sustain the application of the law of the case rule." *Id.* at 192, *citing Elmira, supra* (emphasis in original). As in *Elmira*, however, the court in *Washington* was passing on the propriety of the trial judge's grant of a motion for summary judgment after another judge had by a prior order denied a motion to dismiss for failure to state a claim. This court expressly reserved its opinion on the question of whether the second judge could properly have granted summary judgment if the first judge's order had been to deny an identical motion for summary judgment rather than one for dismissal for failure to state a claim. *Id.* at 192.

The third case we distinguish from the present appeal is *Wilburn v. Wilburn*, D.C. App., 192 A.2d 797 (1963). In that case the court relied on the broad language of *Elmira* and *Washington* to declare that a second judge's dismissal on grounds of forum non conveniens was not made improper merely by a first judge's earlier denial of a motion for dismissal on identical grounds. *Id.* at 798 n.1. We do not consider this *Wilburn* decision persuasive authority for the proposition that, in the present appeal, the pre-trial judge's grant of a motion to dismiss for failure to prosecute was proper after the motions judge had refused to dismiss the case on those grounds. Rather, we distinguish *Wilburn* on grounds that (1) rulings regarding forum non conveniens, much like those regarding jurisdiction, are, for purposes of the "law of the case" doctrine, often treated differently from many other rulings;[2] and (2) this court's statements regarding the "law of the case" doctrine

---

1. We recognize that some other jurisdictions take a different view. *See, e. g., Stepanov v. Gavrilovich*, 594 P.2d 30, 36 (Alaska 1979) (second judge did not err in granting a motion

for summary judgment where first judge had earlier denied an identical motion).

2. *See, e. g., Cashio v. Cashio*, 364 So.2d 188, 190 (La.App.1978) (the "law of the case" doc-

should be considered *dicta*, since the court in fact proceeded to reverse on the merits the second judge's dismissal for forum non conveniens. *Id.* at 798–99.

In distinguishing these three cases and finding a denial of a motion to dismiss for failure to prosecute sufficiently "final" to constitute the "law of the case," we follow our more recent decision in *Centennial Insurance Co. v. Dowd's, Inc.*, D.C.App., 306 A.2d 648 (1973). There, we declared that a trial judge in a civil case "properly considered the earlier denial of the motion for summary judgment to be the law of the case." *Id.* at 650.[3] In so ruling we relied on *Jenkins v. United States*, D.C.App., 284 A.2d 460 (1971), a criminal case we have cited many times for the proposition that the rulings on pretrial suppression motions constitute the law of the case and thus cannot properly be departed from by another judge presiding over a later stage in the proceedings. *Id.* at 463–64.

We find sufficient similarity between rulings on suppression motions and rulings on motions to dismiss for want of prosecution to justify according them similar degrees of finality for these purposes. Both types of motion demand detailed judicial consideration of specific facts surrounding a party's actions in bringing a case to trial. Unlike many other pretrial motions, which we have said generally lack the finality necessary to constitute the "law of the case." *United States v. Davis, supra*, these two types of motion often require hearings and findings of fact—exactly the kinds of judicial exercises the "law of the case" doctrine is designed to prevent being repeated. We conclude, then, that the first limitation on the "law of the case" doctrine—lack of finality of the first order—is absent in the present appeal; a dismissal for failure to prosecute has sufficient finality to trigger the "law of the case" doctrine.

Also absent from this appeal is the type of circumstance in which courts have most often found it appropriate to depart from the "law of the case"—where the first ruling is clearly erroneous in light of newly-presented facts or a change in substantive law. *See* 1B Moore's Federal Practice ¶ 0.404 [1] (1974). *Pitts v. District of Columbia*, D.C.App., 391 A.2d 803, 805 n.1 (1978); *Naples v United States*, 123 U.S. App.D.C. 292, 293 n.1, 359 F.2d 276, 277 n.1 (1966); *Morrow v. Dillard*, 580 F.2d 1284, 1289–90 (5th Cir. 1978). In considering appellant's alleged failure to prosecute, the pre-trial judge had before him no facts and issues not presented to the motions judge. Instead, the second judge grounded his order of dismissal for want of prosecution on the same case history considered ten months earlier by the first judge and there had been no change in the applicable substantive law.

Thus, finding (1) that the 1978 ruling constituted the "law of the case" and (2) that no new facts or change in substantive law were presented to the pre-trial judge in 1979 when he departed from that "law of the case," we are compelled to reverse the dismissal here appealed and remand the case for further proceedings.

*So ordered.*

---

trine does not apply to rulings on motions to transfer on grounds of forum non conveniens).

**3.** The Federal District Court for the District of Columbia has also taken this view. *Sunshine Publishing Co. v. Summerfield*, 184 F.Supp.

767, 769 (D.D.C.1960) (another judge's denial without opinion of a motion to dismiss for failure to exhaust administrative remedies constitutes "law of the case" that the suit was not so subject to dismissal).