**P. P. P. PRODUCTIONS, INC.,**
**Appellant,**

v.

**W & L, INC. and Theodore R.**
**Hagans, Jr., Appellees.**

**No. 79–274.**

District of Columbia Court of Appeals.

Submitted Feb. 14, 1980.

Decided July 30, 1980.

Reginald L. Holt and R. Kenneth Mundy, Washington, D.C., were on the brief, for appellant.

Kenneth J. Loewinger, Washington, D.C., was on the brief, for appellees.

---

Before KELLY, KERN and NEBEKER, Associate Judges.

PER CURIAM:

Appellant P.P.P. Productions, Inc. (P.P.P.) challenges Judge Hyde's January 25, 1979 order granting summary judgment to appellees W & L, Inc. (W & L) and its president, Theodore R. Hagans. We reverse.

In their motion for summary judgment, appellees argued that appellant's actions for breach of contract and misrepresentation damages totaling $100,000 in this case, No. CA 11456–76, were barred because they were not raised as compulsory counterclaims, see Super.Ct.Civ.R. 13(a), to appellees' breach of contract counterclaim in appellant's earlier replevin action, No. CA 2378–76.[1] The trial court agreed, ruling that a September 10, 1976 denial by Judge Ketcham in No. CA 2378–76 of appellant's motion to file an amended complaint made "The subject matter of the complaint in this case . . . res judicata."[2]

A review of the record reveals that appellees had filed a prior motion to dismiss, on identical grounds to those raised here, on December 20, 1976. That motion was fully argued and denied by then Chief Judge Greene on February 14, 1977, at which time the earlier replevin action was consolidated with this case "for all purposes."

 The "law of the case" doctrine bars a trial court from reconsidering the same question of law that was presented to and decided by another court of coordinate jurisdiction. *Kritsidimas v. Sheskin*, D.C. App., 411 A.2d 370 (1980). "[O]nce [a] court has decided a point in a case, that point becomes and remains settled unless or until it is reversed or modified by a higher court." *Id.* at 371. This doctrine is applicable when (1) the motion under consideration is substantially similar to the one already raised before, and considered by, the first court; (2) the first court's ruling is "sufficiently 'final';" and (3) the prior ruling is not "clearly erroneous in light of newly presented facts or a change in substantive law." *Id.* at 371–72.

The motion under review here is identical to the one that was denied by Judge Greene.[3] There is no evidence in the record that Judge Hyde based his opposite conclusion on newly presented facts; we are aware of no change in substantive law that would make the prior ruling "clearly erroneous."

 Therefore, the only issue before us is whether the first ruling was sufficiently "final" to justify applying a "law of the case" bar to considering the identical subsequent motion.

There is no question that the denial of a motion for summary judgment or to dismiss is not a final order for purposes of appeal. *See Washington v. District of Columbia*, D.C.Mun.App., 152 A.2d 191 (1959). However, the denial of a motion to dismiss for lack of prosecution or a motion to suppress has been deemed sufficiently final for law of the case purposes. *See, e. g., Kritsidimas*

---

1. Appellees' answer and counterclaim to appellant's replevin complaint were filed on March 29, 1976, the day of the replevin hearing, one day before the replevin writ was issued.

 The replevin action sought recovery of office furniture and supplies valued at $1,000. Appellees' breach of contract counterclaim sought $130,000 in damages.

2. The grounds for the denial are unclear. Nor is it evident whether or not the denial was a bar to raising the claim again, since the denial was represented to be, on the one hand, "with prejudice," and yet, on the other, "with leave for plaintiff to file a proper answer to defendants' counterclaim."

3. On the motion to dismiss, Judge Greene had before him the complaint (with attached exhibits) and answer in No. CA 11456–76 (the consolidated action) and the complaint, answer, and various motions in No. CA 2378–76 (the original action). The claim was that Judge Ketcham's ruling in No. CA 2378–76 barred, on principles of res judicata, No. CA 11456–76. On the motion for summary judgment, Judge Hyde had before him the identical documents, the motion to dismiss ruled on by Judge Greene, and an affidavit of the president of W & L having nothing to do with the issue–the same claim that Judge Ketcham's ruling in No. CA 2378–76 was res judicata in No. CA 11456–76.

*v. Sheskin, supra* 411 A.2d at 373 (lack of prosecution); *Smith v. United States,* D.C. App., 406 A.2d 1262, 1263–64 (1979) (denial of pretrial suppression motion constitutes the law of the case for the second lawsuit when for all intents and purposes the second case is the same action that was brought previously); *compare Wilburn v. Wilburn,* D.C.App., 192 A.2d 797, 801 (1963) (denial of motion to dismiss for forum non conveniens not law of the case, since issue may be raised and decided by court sua sponte at any time; however, forum non conveniens dismissal reversed as abuse of discretion when granted at close of trial).

In *Kritsidimas* we concluded that motions to dismiss for want of prosecution and suppression rulings were similar enough to "justify according them similar degrees of finality for [law of the case] purposes," because both "demand detailed judicial consideration of specific facts surrounding a party's actions in bringing a case to trial" and both may require "hearings and findings of fact–exactly the kinds of judicial exercises the 'law of the case' doctrine is designed to prevent being repeated." *Id.* at 373.

We conclude that the procedure accompanying the denial of the motion to dismiss in this case warrants according it the same degree of "law of the case" finality that is given suppression motions and motions to dismiss for want of prosecution. *Cf. Centennial Insurance Co. v. Dowd's Inc.,* D.C. App., 306 A.2d 648 (1973).

"Except in a truly unique situation, no benefit flows from having one trial judge entertain what is essentially a repetitious motion and take action which has as its purpose the overruling of prior action by another trial judge." *United States v. Davis,* D.C.App., 330 A.2d 751, 755 (1975).

*Reversed and remanded for further proceedings.*