William and Bertha POLLOCK, Appellants,

v.

Sidney J. BROWN, et al., Appellees.

Sidney J. BROWN, et al., Appellants,

v.

William and Bertha POLLOCK, Appellees.

Nos. 80–1002, 80–1005.

District of Columbia Court of Appeals.

Argued Aug. 19, 1981.

Decided Jan. 28, 1982.

David M. Dorsen, Washington, D.C., for appellants in No. 80–1002 and appellees in No. 80–1005.

Arthur Kahn, Washington, D.C., for appellees in No. 80–1002 and appellants in No. 80–1005.

Before KERN, HARRIS, and MACK, Associate Judges.

HARRIS, Associate Judge:

These appeals arise from a controversy surrounding the condition and occupancy (pursuant to a written lease) of certain premises in a shopping center located at 1301 Rhode Island Avenue, N.E.[1] Plaintiffs originally sought possession of the premises as well as past due rent in an action commenced in the Landlord and Tenant Branch of Superior Court. After plaintiffs sold the property to a third party, they dropped the claim for possession from their complaint, and the suit was transferred to the Civil Division calendar where it was consolidated with an action previously brought against plaintiffs by defendants.

Over the next six years, the trial court: (1) ordered that plaintiffs' complaint and answer to defendants' counterclaim be stricken for plaintiffs' failure to comply with a discovery order (per NEWMAN, J.); (2) entered an order of default in favor of defendants and directed that a hearing be held to establish damages on their counterclaim (per NEWMAN, J.); (3) held a five-day hearing on damages arising from the counterclaim and awarded a default judgment of $31,152.48 in favor of defendants (per KETCHAM, J.); (4) granted partial summary judgment to defendants on two counts of their counterclaim (per McARDLE, J.), following an appeal to this court which had resulted in a reversal of the entry of default, see *Pollock v. Brown*, D.C. App., 395 A.2d 50 (1978); (5) refused to reinstate Judge KETCHAM's findings as to damages on the premise that plaintiffs (given the reversal of the default) were entitled to a jury resolution of that issue (per

---

1. The action in the trial court was brought by Sidney J. Brown, Sarah Brown, Jack Brown, Helene Brown, Sam J. Eden, and Esther Eden against the Pollocks. Because we dispose of cross-appeals, we refer to the parties as plaintiffs (the Browns) and defendants (the Pollocks).

McARDLE, J.); (6) following each side's filing of summary judgment motions, denied defendants' renewed motion for default on their counterclaim and directed the Clerk to enter a general denial on behalf of plaintiffs in response to defendants' counterclaim (per WOLF, J.); and (7) in the interest of "judicial economy, finality, certainty and fairness" reinstated Judge KETCHAM's post-default computation of damages on three counts of the counterclaim and on the set-off for unpaid rent, as to which summary judgment had been granted (per WOLF, J.).

Both sides appeal. Plaintiffs contend principally that they erroneously were denied a jury trial on defendants' counterclaim. Defendants challenge primarily the trial court's determination of damages. We conclude that the trial court committed an error of law in denying plaintiffs a jury trial on the question of damages stemming from the counterclaim. Accordingly, we reverse the portion of the trial court's order which awarded damages on the counterclaim and remand to permit a jury trial on that issue.

I

This lawsuit commenced over six years ago and has been far from amicable. It is not necessary to recite every twist and turn of this case; we discuss only the relevant highlights of the parties' complex procedural skirmishes. In the Civil Division of Superior Court, the Browns, defendants' landlord at the shopping center, brought suit to recover past due rent. Defendants counterclaimed, asserting that plaintiffs (1) had breached a covenant in the lease granting defendants the exclusive right to sell liquor and other alcoholic beverages in the shopping center and (2) had failed properly to maintain and to repair the leased premises and adjacent areas. They also requested a jury trial.

When plaintiffs did not comply with a discovery order,[2] the trial court dismissed with prejudice both plaintiffs' complaint and their answer to defendants' counterclaim, and entered a default in favor of defendants. Defendants then unilaterally withdrew their jury demand of record, as permitted under Super.Ct.Civ.R. 55–I.[3]

Both parties filed notices of appeal. A division of this court held that the trial court's entry of default was erroneous and remanded the case for further proceedings. *Pollock v. Brown, supra.* This court outlined the proceedings to be held on remand as follows:

> Both parties to these appeals quarrel with multiple aspects of the damages findings and conclusions. However, we do not reach those issues. Rather, having concluded that the entry of default was erroneous, we remand for a proper exercise of discretion in light of the standards discussed above. If on remand the trial court determines not to enter a default[,] of necessity, the case would be in the posture of being tried pursuant to the jury demand of record (unless waived). In that event the case will be deemed remanded. On the other hand, if the trial court concludes that default should again be entered, the record will be deemed remanded. Upon entry of an order to that effect, the Clerk of the trial court shall certify the record as supplemented to this court and, if necessary, this court can review the propriety of such an order. Should we affirm that order we then could reach the questions raised respecting the damages which were assessed in the so-called "ex parte" damages hearing. [395 A.2d at 53–54.]

On remand, Judge McARDLE denied defendants' motion for an entry of default but granted their motion for partial summary judgment on two counts of their

---

2. The motions judge entered two orders, one requiring the Browns to produce certain documents, the other ordering the Browns to appear for depositions on specified dates. Plaintiffs produced the documents, but the depositions were not taken as scheduled.

3. Super.Ct.Civ.R. 55–I provides:

> If a default is entered against any party, any opposing party may withdraw his jury demand.

counterclaim. Judge McARDLE refused to reinstate Judge KETCHAM's prior findings as to damages, concluding that plaintiffs were entitled to have a jury resolve that question.[4] The case was assigned for trial to Judge WOLF, who, on the basis of extensive argument and memoranda from counsel, entered comprehensive findings of fact and conclusions of law. He ruled that plaintiffs had waived their right to a jury trial on the issue of damages stemming from the counterclaim by their earlier participation in the nonjury hearing on damages before Judge KETCHAM. After denying defendants' renewed motion for a default on their counterclaim, the trial court granted further motions by defendants for partial summary judgment and by plaintiffs for summary judgment on their complaint for past due rent.[5] Judge WOLF then directed that Judge KETCHAM's order establishing damages be reinstated as to three counts of the counterclaim and as to the set-off for unpaid rent. Once again, this case is before us on appeal.

## II

Plaintiffs contend that the trial court committed error by denying them a jury trial on defendants' counterclaim. We agree. While we perceive no error in granting summary judgment as to liability on three counts of the counterclaim, we find that the trial court erroneously disregarded

the jury demand of record insofar as the issue of damages was concerned. Accordingly, we reverse that award of damages and remand for a jury trial limited to damages stemming from the counterclaim.[6]

No party appears to dispute that, at the commencement of these actions, defendants' timely jury demand preserved for both parties the constitutional right to trial by jury as to the issues of both liability and damages. 5 Moore's Federal Practice ¶ 38.-45 (2d ed. 1981) ("[I]f the defendant should make the initial general demand for jury, the plaintiff, even though jury trial is more important to him, need make no demand. He may rely with safety upon defendant's demand."). Defendants advance two theories as to why events in this litigation subsequently dispelled plaintiffs' jury entitlement and permitted defendants unilaterally to force this litigation forward without a jury determination of damages: (1) the default entered against plaintiffs authorized defendants' use of Super.Ct.Civ.R. 55–I to withdraw their jury demand of record without plaintiffs' consent; and (2) plaintiffs nonetheless waived whatever jury right they had by participating in the post-default damages hearing without insisting upon the presence of a jury. Both contentions strike us as meritless.[7]

Super.Ct.Civ.R. 55–I allows unilateral withdrawal of a timely jury demand only

---

4. The question of whether plaintiffs had waived their right to a jury trial on the issue of damages was not raised before Judge McARDLE.

5. Defendants had dropped the remaining counts of their counterclaim.

6. The trial court also granted summary judgment to plaintiffs on their complaint for past due rent in the amount of $14,350. Defendants argue that if the judgment on the counterclaim is not affirmed, then the summary judgment in plaintiffs' favor must be vacated. Our ruling leaves both grants of summary judgment on the liability issues undisturbed. Since defendants' liability for back rent to plaintiffs is for a sum certain, unlike defendants' counterclaim against plaintiffs, no trial on damages is necessitated by the entry of summary judgment for plaintiffs regarding defendants' liability for back rent. However, when the jury determines the amount of damages owing to defendants on their counterclaim, that amount must be offset

by the $14,350 due to plaintiffs in back rent. Such a procedure fully takes into account the ostensible interdependence of the issues of rent and breach of a landlord's obligations to which defendants advert.

7. In support of their claim of entitlement to a jury trial, plaintiffs urge that Judge McARDLE's refusal to reinstate Judge KETCHAM's findings as to damages was the law of the case and that Judge WOLF, therefore, was barred from reinstating those findings. We reject this argument because the issue of waiver was not raised before Judge McARDLE, and his ruling lacked sufficient finality for the law of the case doctrine to be applicable. See P.P.P. Productions, Inc. v. W & L, Inc., D.C.App., 418 A.2d 151, 152 (1980); Kritsidimas v. Sheskin, D.C. App., 411 A.2d 370, 372 (1980); United States v. Davis, D.C.App., 330 A.2d 751, 755 (1975).

by a party prevailing by default. *See* note 3, *supra.* The vacating of a default removes the predicate for operation of Super. Ct.Civ.R. 55–I and requires the restoration of the action to the posture in which the parties had placed it at the outset. A case initially headed for a jury but detoured from that path by a temporary entry of default once again must proceed to a jury when the default is lifted, unless the parties consent to the contrary. *Hutton v. Fisher,* 359 F.2d 913, 919 (3d Cir. 1966) (Freedman, J., concurring in part and dissenting in part) ("They [defendants] may not have had a constitutional right to trial by jury of the damage issue after default, but the default is now being set aside." (footnote omitted)). It is the default that, once removed, disappears from the record—not the jury demand.

In previously vacating the entry of default on which defendants here rely, this court said as much:

> If on remand the trial court determines not to enter a default[,] of necessity, the case would be in the posture of being tried pursuant to the jury demand of record (unless waived). [*Pollock v. Brown, supra,* 395 A.2d at 54.]

That unambiguous language dictated a trial by jury on the issues both of liability and of damages unless the parties—by their subsequent conduct and without regard to Super. Ct.Civ.R. 55–I—elected to proceed solely before the trial judge. *See FCC v. Pottsville Broadcasting Co.,* 309 U.S. 134, 140, 60 S.Ct. 437, 440, 84 L.Ed. 656 (1940) ("[A] lower court is bound to respect the mandate of an appellate tribunal and cannot reconsider questions which the mandate has laid at rest." (citation omitted)); *District of Columbia v. Washington Terminal Co.,* 47 App.D.C. 570, 574–75 (1918) (appellate court's mandate binding upon lower court); *cf. Pyramid National Van Lines, Inc. v. Goetze,* D.C.Mun.App., 66 A.2d 693, 694

(1949) (after reversal and remand, lower court free to order or to direct case only in ways not inconsistent with appellate decision). The cross-motions for summary judgment on all the remaining issues of liability reflected the parties' desire to waive their jury entitlement, but only as to the liability phase of the litigation.[8] Nothing in the proceedings before the trial court following this court's prior remand of the case even hints at a waiver of plaintiffs' right to jury consideration of defendants' damage claims.

Plaintiffs' participation in a nonjury damages hearing, prior to this court's reversal of the entry of default, provides no indication of a willingness to forego their right to a jury trial. At the time that hearing was held, plaintiffs proceeded on the assumption that, as a result of the entry of default against them, they had forfeited their right to object to defendants' unilateral withdrawal of the jury demand of record. Such an assumption was entirely reasonable, for "it is generally agreed that neither party has a constitutional right to a jury trial on the issue of damages after the entry of default." *Kormes v. Weis, Voisin & Co.,* 61 F.R.D. 608, 609 (E.D.Pa.1974) (footnote omitted); *accord, Hutton v. Fisher, supra,* 359 F.2d at 919 (Freedman, J., concurring in part and dissenting in part); 5 Moore's Federal Practice, *supra,* at ¶ 38.-19[3]; *cf. Firestone v. Harris,* D.C.App., 414 A.2d 526, 528 (1980) (defaulting party entitled to participate in hearing to establish damages and to present evidence in mitigation of damages); *Barber v. Turberville,* 94 U.S.App.D.C. 335, 338, 218 F.2d 34, 37 (1954) (once default judgment entered, there is no compulsion to submit issue of damages to a jury, but it is the better practice). *But see Hutton v. Fisher, supra,* 359 F.2d at 916 (Federal Rules of Civil Procedure governing notice and consent in requests and waivers of jury trial should be

---

**8.** The parties point to no error which would require reversal of the trial court's rulings on summary judgment as to liability. We find no merit to plaintiffs' intimation that questions of liability are wedded inextricably to the issue of damages which here requires a jury trial. The

trial court's finding of liability reflects its conclusion that defendants had sustained damages—sufficient to make out a prima facie case of liability—without a determination of the precise amount of those damages.

applied in case of default judgment); *Bass v. Hoagland*, 172 F.2d 205 (5th Cir.), *cert. denied*, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949) (failure to try damages issue to jury even though party failed to appear for trial is so fundamental an error that judgment is subject to collateral attack); 5 Moore's Federal Practice, *supra*, at ¶ 38.45. Accordingly, plaintiffs did not waive their right to a jury trial, as they had no such right at the time of the hearing.

This court's reversal of the entry of default necessarily altered plaintiffs' position in the case and could not operate to deny them their just-restored right to a jury trial based solely on pre-appeal events. While the right to a jury trial may be waived by conduct or agreement of the parties, *see* 9 C. Wright & A. Miller, Federal Practice And Procedure § 2321 (1971), in this instance only actions taken by the parties following the remand are relevant to a determination of whether plaintiffs waived their right to have a jury assess the damages owed to defendants. Defendants point to no such actions in the record.[9]

We conclude that the trial court erred in failing to conduct a jury trial on the issue of damages stemming from the counterclaim. Because we are remanding the case in order to permit a jury resolution of that issue, we need not address both parties' quarrels with multiple aspects of Judge KETCHAM's damages findings. While we are reluctant to provide further opportunity for this seemingly unending litigation to proliferate further, we must recognize the erroneous deprivation of plaintiffs' right to a jury trial. Accordingly, we reverse the portion of the trial court's order which awarded damages on the counterclaim and remand for a jury trial limited to that issue.

*So Ordered.*

---

9. The trial court relied on a line of authority to the effect that once the right to a jury trial has been waived effectively, it is not revived by a reversal or a new trial. 9 C. Wright & A. Miller, *supra*, at § 2321. We find such reliance misplaced because of our determination that plaintiffs cannot be said to have waived a right which, at the time, they did not possess.