Jerome A. KAPLAN, Appellant,

v.

Riley POINTER, et al., Appellees.

No. 83–1327.

District of Columbia Court of Appeals.

Argued Feb. 20, 1985.

Decided Dec. 18, 1985.

Mark W. Foster, Washington, D.C., for the appellant.

Riley Pointer and Paul S. Shupp, pro se appellees.

Before NEBEKER, BELSON, and ROGERS, Associate Judges.

BELSON, Associate Judge:

This is an interlocutory appeal from the denial of a renewed motion for summary judgment by a government official who asserts that he has absolute immunity from appellee's common law tort claim. The trial court denied the renewed motion on the ground that the previous denial of substantially the same motion by another judge

constituted the law of the case. We affirm.

Appellees Riley Pointer, an operating engineer employed by the General Services Administration (GSA), and Paul S. Shupp, a foreman with GSA, filed this common law action claiming damages for intentional infliction of emotional distress against appellant Jerome A. Kaplan, a GSA supervisory labor-management specialist.[1] The complaint was prompted by an alleged series of threatening and harassing telephone calls appellees received at home and at work from appellant. Before filing an answer, appellant moved the trial court for summary judgment on the ground that, under the Supreme Court's plurality opinion in *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), federal officials such as appellant are absolutely immune from common law tort suits for damages based on their discretionary acts undertaken within the outer perimeter of their line of duty. Judge Mencher denied the motion. Nineteen months later appellant renewed his motion for summary judgment, alleging "significant new developments in the law of official immunity." Judge Gardner denied the motion on the grounds that Judge Mencher's previous order constituted the law of the case, precluding further consideration of the issue. This appeal is taken from Judge Gardner's order. We agree that the law of the case doctrine properly applies in these circumstances.

 The law of the case doctrine bars a trial court from reconsidering a question of law that was already decided in the same case by another court of coordinate jurisdiction. *Ehrenhaft v. Malcolm Price, Inc.*, 483 A.2d 1192, 1196 (1984); *P.P.P. Productions, Inc. v. W & L, Inc.*, 418 A.2d 151, 152 (1980) (per curiam). "The doctrine serves the judicial system's need to dispose of cases efficiently by discouraging 'judge-shopping' and multiple attempts to prevail on a single question." *Kritsidimas v.*

*Sheskin*, 411 A.2d 370, 371 (D.C.1980) (per curiam). This court has stated that the doctrine is applicable

> when (1) the motion under consideration is substantially similar to the one already raised before, and considered by, the first court; (2) the first court's ruling is "sufficiently 'final';" and (3) the prior ruling is not "clearly erroneous in light of newly presented facts or a change in substantive law."

*P.P.P. Productions*, 418 A.2d at 152 (quoting *Kritsidimas*, 411 A.2d at 371–72).

The motion for summary judgment under review here is "substantially similar" to the one that was denied by Judge Mencher; both were predicated on the assertion of absolute immunity under *Barr*. In renewing his motion appellant did not allege, and in ruling on it Judge Gardner did not rely on, any newly presented facts. Thus, there are only two issues before us: whether the first order was "sufficiently final" for law of the case purposes, and whether there was such a change in substantive law as to render the first order clearly erroneous.

 An order denying a motion for summary judgment possesses sufficient finality for purposes of the law of the case doctrine as to bar another judge from granting a renewed motion substantially similar to the first. *See Kurth v. Dobricky*, 487 A.2d 220, 224–25 (D.C.1985); *see also Centennial Insurance Co. v. Dowd's, Inc.*, 306 A.2d 648, 650 (D.C.1973) (approving trial court's ruling which deemed earlier denial of motion for summary judgment to be law of the case). This is especially true where, as here, the motion for summary judgment was made by an executive branch official asserting a substantial claim of absolute immunity from liability predicated on common law tort. Under the collateral order doctrine, an order denying such a motion is deemed to have the finality requisite for appellate re-

---

1. This case has traversed a long and circuitous procedural trail. We discuss only so much of it as our disposition of this appeal necessitates.

view.[2] *Williams v. Collins*, 728 F.2d 721, 724–26 (5th Cir.1984); *Evans v. Dillahunty*, 711 F.2d 828, 829–30 (8th Cir.1983); *Chavez v. Singer*, 698 F.2d 420, 421 (10th Cir.1983); *see Araujo v. Welch*, 742 F.2d 802, 804 n. 1 (3d Cir.1984).[3] It would be anomalous, indeed, to treat that denial as final for purposes of appeal but not for purposes of law of the case, and we decline to do so.

■ The renewal of appellant's motion for summary judgment was premised on an alleged significant change in the substantive law governing official immunity. In support of his argument, appellant relied on the companion cases of *Nixon v. Fitzgerald*, 457 U.S. 731, 102 S.Ct. 2690, 73 L.Ed.2d 349 (1982), and *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Both, in our view, are readily distinguishable from the case before us on the basis of the type of cause of action against which the respective claims of immunity were raised. The plaintiffs in *Nixon* and *Harlow* sued the former President and an aide for statutory and constitutional violations. The suit of appellees Pointer and Shupp, by contrast, asserted a common law cause of action. The way the law of official immunity has evolved, this distinction is consequential.

Under *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959) (plurality opinion), governmental officers of the executive branch enjoy absolute immunity from common law causes of action with respect to acts done within the scope of their official authority. The fact that an act "was within the outer perimeter" of the official's line of duty was held to be enough to render the privilege applicable. *Id.* at 575, 79 S.Ct. at 1341. In *Butz v. Economou*, 438 U.S. 478, 489–95, 98 S.Ct. 2894, 2902–05, 57 L.Ed.2d 895 (1978), the Supreme Court distinguished *Barr*, and held that, "in a suit for damages arising from unconstitutional action, federal executive officials exercising discretion are entitled only to … qualified immunity …, subject to those exceptional situations where it is demonstrated that absolute immunity is essential for the conduct of the public business," *id.* at 507, 98 S.Ct. at 2911 (footnote

**2.** The collateral order doctrine, first articulated by the Supreme Court in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), is an exception to the rule that an order of the Superior Court is not appealable unless it is final, D.C.Code § 11–721(a) (1981); *Kleiboemer v. District of Columbia*, 458 A.2d 731, 736 n. 8 (D.C.1983), *i.e.*, disposes of the entire case on its merits, *Urciolo v. Urciolo*, 449 A.2d 287, 289 (D.C.1982) (*quoting McBryde v. Metropolitan Life Ins. Co.*, 221 A.2d 718, 720 (D.C.1966)); *Mills v. Cosmopolitan Ins. Agency*, 442 A.2d 151, 152 (D.C.1982) (same). *Frost v. Peoples Drug Store, Inc.*, 327 A.2d 810, 812 (D.C. 1974) (applying *Cohen* to final judgment rule of D.C.Code § 11–721(a)). The exception has been carved for a "small class" of prejudgment orders which "finally determine claims of right separable from, and collateral to, rights asserted in the action, [and which are] too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen*, 337 U.S. at 546, 69 S.Ct. at 1225. To fall within the narrow exception of the collateral order doctrine "an order must at a minimum satisfy three conditions: It must 'conclusively

determine the disputed question,' 'resolve an important issue completely separate from the merits of the action,' and 'be effectively unreviewable on appeal from a final judgment.'" *Richardson-Merrell, Inc. v. Koller*, ―― U.S. ――, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)); *Urciolo*, 449 A.2d at 289 (same); *Mills*, 442 A.2d at 153 (same). An order which meets these criteria qualifies as a final order for purposes of appeal. *See Frost*, 327 A.2d at 812. *See generally* 15 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 3911 (1976).

**3.** *See also Nixon v. Fitzgerald*, 457 U.S. 731, 741–43, 102 S.Ct. 2690, 2696–97, 73 L.Ed.2d 349 (1982) (appealability of order denying motion for summary judgment on grounds of absolute presidential immunity from civil liability for statutory violations and constitutional torts); *McSurely v. McClellan*, 225 U.S.App.D.C. 67, 73–74, 697 F.2d 309, 315–16 (1982) (appealability of order denying state prosecutor's motion for summary judgment on grounds of absolute and qualified immunity from civil liability for statutory and constitutional violations).

omitted).[4] The Court proceeded to invoke and apply the rule of *Butz* in *Nixon,* 457 U.S. at 746–49, 102 S.Ct. at 2699–2701 and *Harlow,* 457 U.S. at 807–13, 102 S.Ct. at 2732–35. Thus, *Nixon* conferred upon a former president of the United States absolute immunity from damages liability for statutory and constitutional violations committed in performance of his official acts, 457 U.S. at 749, 102 S.Ct. at 2701 (absolute immunity deemed "a functionally mandated incident of the President's unique office"), while *Harlow* held that a presidential aide was entitled only to a qualified immunity, 457 U.S. at 809–14, 102 S.Ct. at 2733–36.[5] Neither case alters the rule in *Barr* regarding absolute immunity from liability for a common law transgression such as that alleged by appellees here. *See Williams,* 728 F.2d at 727 ("*Nixon* and *Harlow* both affirm *Barr*.").

In support of his renewed motion for summary judgment, appellant urged that in *Nixon* and *Harlow* the Supreme Court emphasized that trial courts should dispose of baseless claims against officials by granting meritorious motions to dismiss or for summary judgment, and that the Court interpreted the phrase "within the outer perimeters of one's official responsibility" in the broadest possible terms. Our examination of *Nixon* and *Harlow* on those points reveals nothing approaching a "significant intervening change in substantive law."

*Tompkins v. Washington Hospital Center,* 433 A.2d 1093, 1098 (D.C.1981). In discussing dismissal of insubstantial claims, *Harlow* referred to an earlier admonition in that regard that the Court had voiced in *Butz* several years before Judge Mencher's denial of appellant's first motion for summary judgment. Neither *Harlow* nor *Nixon* set forth an interpretation of "outer perimeters" that added materially to the law on that point.

We conclude that *Nixon* and *Harlow* —progeny of *Butz*—do not constitute such an intervening change in the substantive law applicable to this case as to render clearly erroneous the order denying appellant's original motion for summary judgments.[6] In short, Judge Mencher's denial of appellant's first motion for summary judgment was the law of the case, precluding Judge Gardner from ruling anew on appellant's subsequent motion, substantially like the first.[7] Judge Gardner was correct in acknowledging that fact and disposing of the renewed motion accordingly.

*Affirmed.*

---

4. Federal courts consistently acknowledge that *Barr's* doctrine of absolute immunity from common law torts survives the Court's ruling in *Butz. McKinney v. Whitfield,* 237 U.S.App.D.C. 157, 159 & n. 7, 736 F.2d 766, 768 & n. 7 (1984) (quoting *Sami v. United States,* 199 U.S.App.D.C. 173, 188, 617 F.2d 755, 770 (1979)), and cases cited therein; *see George v. Kay,* 632 F.2d 1103, 1105–06 (4th Cir.1980); *Granger v. Marek,* 583 F.2d 781, 784 (6th Cir.1978); *Evans v. Wright,* 582 F.2d 20, 21 (5th Cir.1978) (per curiam).

5. *See also Mitchell v. Forsyth,* —— U.S. ——, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (granting former Attorney General of the United States qualified rather than absolute immunity from suit for damages arising out of allegedly unconstitutional conduct in performing national security functions).

6. *Compare Tompkins v. Washington Hospital Center,* 433 A.2d 1093 (D.C.1981) (in negligence action in which defendant hospital's motion for summary judgment was denied because plaintiff submitted affidavits of experts addressing local standard of care, denial did not constitute law of the case with respect to consideration of renewed motion for summary judgment where intervening case, requiring that plaintiff establish a national rather than a local standard of care, represented significant change in substantive law).

7. Given the grounds of our ruling we express no view as to the merits of appellant's claim of official immunity or as to whether appellant may have been required to have appealed Judge Mencher's order in order to preserve that issue for our review.