**David H. SCHROEDER, et al., Appellants,**

v.

**Samuel WEINSTEIN, et al., Appellees.**

**No. 89–779.**

District of Columbia Court of Appeals.

Argued Nov. 29, 1990.

Decided Feb. 12, 1991.

Charles Michael Tobin, with whom Joel S. Aronson and Stefanie L. Schwartz, were on the brief, for appellants.

Werner Strupp, with whom Robert J. Strupp was on the brief, for appellees.

Before STEADMAN and FARRELL, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

The trial court sitting without a jury entered judgment in favor of appellees, the Weinsteins, against appellants, the Schroeders, in the amount of some $41,000 plus interest. We vacate the judgment and remand the case for further proceedings.

The gravamen of the complaint filed by the Weinsteins in 1984 was that the Schroeders, as directors of a corporation, D.H.S., Inc., ("DHS") improperly dissolved DHS by unlawfully distributing all its assets without making adequate provision for payment of a promissory note assumed by DHS and drawn to the benefit of the predecessor in interest of the Weinsteins.[1] The

---

1. *See* D.C.Code § 29–342(a)(3) (1989 Repl.) (im-

posing personal liability upon directors who

defense of the Schroeders, in essence, was that the claim of the Weinsteins was time-barred.[2]

■ The parties disagree on a crucial fact in this case: the date the cause of action accrued to the Weinsteins. The Schroeders assert that the cause of action accrued in 1979 when the Weinsteins' predecessor in interest, the payee, gave notice that the party then primarily liable on the note, the signer of an assumption agreement subsequent to the Schroeders, had failed to make payment on the note. The Weinsteins assert that the payee did not know of the Schroeders' improper distribution in 1979, and that he had no justiciable claim against the Schroeders until 1982 when discovery following judgment against DHS for payment on the note revealed they had made an improper distribution.

The record reflects that three different trial judges have rendered decisions during the lengthy life of this controversy. The first trial judge denied a motion for summary judgment sought by the Schroeders after the Weinsteins' complaint and the Schroeders' answer and counterclaim had been filed.[3] We note that the trial court denied the Schroeders' summary judgment motion, with only the explanation that "the [Schroeders] were not entitled to judgment as a matter of law."

Subsequent to this ruling, two other judges of the trial court, including the judge who presided at trial, issued rulings declaring that the first judge's denial of the Schroeders' motion for summary judgment had disposed fully and finally of the statute of limitations defense and constituted the law of the case. With the statute of limitations defense precluded at trial, the court thereupon entered judgment in favor of the Weinsteins and assessed damages in the amount $41,033.63 plus interest. Appellants then brought the instant appeal.

■ The law of the case doctrine prevents multiple attempts by a party to prevail on the same question. See *Kritsidimas v. Sheskin*, 411 A.2d 370, 371–72 (D.C. 1980). The doctrine precludes the trial court from reconsidering a question of law already decided in the trial court. See *id.* at 371. However, the doctrine does not apply to rulings which are either clearly erroneous in light of newly presented facts or which lack finality. *Id.* This court has noted that finality of a ruling is more apparent and the doctrine more applicable when it follows findings of fact. See *id.* at 373 (describing rulings which require "hearings and findings of fact [as] exactly the kinds of judicial exercises the 'law of the case' doctrine [covers]"). Where it is not apparent from the record that the prior ruling constituted a *final* disposition of an issue, as was the case here, the applicability of the doctrine must be called into question.[4]

The first trial judge did not provide for the record his reasoning for denying the Schroeders' motion for summary judgment. We do not deem it appropriate to assume *upon such a record* that the first trial judge, in denying the Schroeders' motion for summary judgment, thereby determined without hearing and in the face of a Statement of Material Facts In Dispute by

---

vote for distribution of corporate assets during liquidation of corporation without making adequate provision for payment and discharge of debts, obligations, and liabilities of corporation).

2. *See* D.C.Code § 29–342(f) (1989 Repl.) (providing three year statute of limitations for improper distribution of corporate assets); *see* D.C. Code § 29–391 (1989 Repl.) (preserving claims against corporation and directors for two years after dissolution of corporation).

3. The counterclaim was for indemnity and contribution from one of the plaintiffs. It was subsequently withdrawn.

4. Certain procedures, *i.e.*, hearings and findings of fact, which result in rulings, warrant the application of the law of the case doctrine to such rulings, *see P.P.P. Productions, Inc. v. W & L, Inc.*, 418 A.2d 151, 153 (D.C.1980), citing *Centennial Insurance Co. v. Dowd's Inc.*, 306 A.2d 648 (D.C.1973). Thus, the absence of such proceedings necessarily calls into question the applicability of the doctrine. The record in the instant case reveals that no hearing was held on the Schroeders' motion for summary judgment, and the court made no findings of fact and gave no explanation for its order of denial.

the Weinsteins (1) when the cause of action accrued to the Weinsteins, and (2) granted them a final judgment on the issue, thereby precluding the Schroeders from raising the defense at trial. Rather, in our view upon this particular record the meaning fairly to be derived from the denial by the first judge of the Schroeders' motion for summary judgment was that the Schroeders had not met their burden of showing, based upon the pleadings extant, *viz.*, the complaint, the answer, and the motion, that they were entitled to summary judgment as a matter of law. *See Jameson v. King*, 571 A.2d 216, 217 (D.C.1990) (failure to meet burden to show entitled to summary judgment as a matter of law *requires* denial of motion). Accordingly, we conclude the ruling by the first trial judge did not resolve on the merits the disputed statute of limitations issue and that the judges confronted with the issue subsequent to that ruling should have resolved the question rather than relied on the law of the case doctrine.

This court cannot review the instant judgment on appeal without a determination on the record by the trial court, after the taking of testimony and the weighing of the evidence, of when the cause of action accrued and whether it is time-barred. Regrettably, but necessarily, the judgment in favor of the Weinsteins must be vacated and the case remanded for further proceedings consistent with this opinion.[5]

*So ordered.*

---

5. We do not reach the issue presented by the parties whether the trial court applied the correct measure of damages because the issue of liability remains unresolved.