**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Lary Frank RITTER,**
**Defendant-Appellant.**

**No. 78–1537.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 27, 1978.

Decided Nov. 24, 1978.

John Romig Smith of Oyler & Smith, Oklahoma City, Okl., for defendant-appellant.

Ronny D. Pyle, Asst. U. S. Atty., Oklahoma City, Okl. (Larry D. Patton, U. S. Atty., Oklahoma City, Okl., on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, and LEWIS and McWILLIAMS, Circuit Judges.

LEWIS, Circuit Judge.

Defendant fashions this appeal from a pretrial order of the United States District Court for the Western District of Oklahoma denying defendant's motion to dismiss an indictment charging him with criminal fraud in violation of 18 U.S.C. § 287.

The indictment charges defendant with filing a false claim for Federal Workman's Compensation based upon an alleged work related injury occurring on June 1, 1976. The Office of Workman's Compensation Programs (OWCP) made an award for payment of compensation benefits to defendant for the injury as claimed, and defendant moved the court below to dismiss the indictment on the basis of this award. Defendant asserts that it is inherent in the administrative determination that the injury did in fact occur and the government is thus precluded from "relitigating" the issue by virtue of 5 U.S.C. § 8128(b)[1] and the Double Jeopardy Clause of the Fifth Amendment. The government answers, and we agree, that defendant's appeal is premature and must be dismissed for lack of jurisdiction.

▮ We note at the outset that there is no constitutional right to an appeal. *McKane v. Durston*, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867. The right to appeal is created by statute, and the appellant must come within the statutory terms. *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 52 L.Ed.2d 651. Authority for this appeal, if it is to be found, must come from 28 U.S.C. § 1291, which provides for appeals from the "final decisions" of district courts. Final judgment in a criminal case ordinarily means a judgment of conviction with a concomitant sentence, and appellate consideration of a trial court's interlocutory orders must typically await the conclusion of proceedings below. *Cobbledick v. United States*, 309 U.S. 323, 325–326, 60 S.Ct. 540, 84 L.Ed. 783. Moreover, the federal finality doctrine is of particular importance in the field of criminal justice, where "the delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair administration of the . . . laws." *DiBella v. United States*, 369 U.S. 121, 126, 82 S.Ct. 654, 658, 7

---

1. 5 U.S.C. § 8128 Review of award

   .    .    .    .    .

(b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is—

   .

(1) final and conclusive for all purposes and with respect to all questions of law and fact; and
(2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

L.Ed.2d 614; *see also, United States v. Mac-Donald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18.

■ Consequently, the denial by a trial judge of a defendant's motion to dismiss an indictment is generally held to be not immediately appealable under § 1291. *United States v. Garber*, 2 Cir., 413 F.2d 284; *United States v. Curry*, 4 Cir., 442 F.2d 428; *Snodgrass v. United States*, 8 Cir., 326 F.2d 409; *Hoffa v. Gray*, 6 Cir., 323 F.2d 178, *cert. denied*, 375 U.S. 907, 84 S.Ct. 199, 11 L.Ed.2d 147.

■ A narrow exception to this rule of non-appealability has been carved out, however, where the basis of the pretrial motion to dismiss is the constitutional prohibition against twice placing a criminal defendant in jeopardy for the same offense. *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651; *United States v. Martinez*, 10 Cir., 562 F.2d 633. The Supreme Court in *Abney* reasoned that: (1) a claim of double jeopardy is by its nature collateral to the principal issue of the defendant's guilt; and (2) where a defendant has already faced the trauma of one criminal trial, an immediate appeal is necessary to preserve the constitutional protection against being subjected to a repeated prosecution. Relying on *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528, the *Abney* court concluded that a pretrial order dismissing a motion to dismiss on double jeopardy grounds falls within the "small class of cases" that are excepted from the final judgment rule. 431 U.S. at 659, 97 S.Ct. 2034.

■ Defendant here has attempted to bring his appeal within the *Abney* exception by couching his collateral estoppel argument in "double jeopardy" terms, citing language from *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469, and *Harris v. Washington*, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212. In those cases, the Supreme Court held that the double jeopardy bar precludes a second prosecution where an essential issue of fact has been determined in favor of the defendant in an earlier criminal trial. The constitutional ruling in those decisions, however, bears no relevance to the case at bar. It is undisputed that no jeopardy attached to this defendant in his *ex parte* non-adversary administrative proceedings before the OWCP. *See, Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24; *Serfass v. United States*. 420 U.S. 377, 388, 95 S.Ct. 1055, 43 L.Ed.2d 265. It is thus clear from the record that no violation of the double jeopardy prohibition can result from trial on the challenged indictment. The mere recitation of the term "double jeopardy" in the motion to dismiss does not bring defendant's appeal within the *Abney* exception. Rather, it must appear from the record that a prior jeopardy has already attached, thus raising the possibility that a second trial may constitute an unlawful action. *See, United States v. MacDonald, supra*, 435 U.S. at 861, 98 S.Ct. 1547.

Defendant has asserted no claim of right in this motion to dismiss that will be lost if review is denied until final disposition by the trial court. This is the first criminal or adversary proceeding. This appeal thus lacks the essential ingredients necessary to justify immediate consideration. *United States v. MacDonald, supra; Cohen v. Beneficial Loan Corp., supra; Parr v. United States*, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377; *Swift & Co. v. Compania Caribe*, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206. And certain it is that to entertain this appeal would be to ignore the caution of "a small class of cases" as noted as exceptions by the *Abney* court.

The appeal is dismissed for lack of a final judgment.