**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Edward Richard EGGERT,
Defendant-Appellant.**

No. 80–1244.

United States Court of Appeals,
Tenth Circuit.

Submitted May 29, 1980.

Decided July 24, 1980.

Rehearing and Rehearing En Banc
Denied Aug. 20, 1980.

Bernard G. Winsberg, Los Angeles, Cal. and Kermit V. Jones of Paul Ferguson, Inc.,

Oklahoma City, Okl., for defendant-appellant.

Larry D. Patton, U. S. Atty. and Susie Pritchett, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff-appellee.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from an order of the district court overruling appellant's motion to dismiss the indictment for breach of plea bargain by the government. The case is presently before us on appellee's motion to dismiss. The relevant facts follow.

In 1978, in the United States District Court for the Central Division of California, appellant was charged, by a five-count indictment, with the filing of false and fraudulent tax returns for the years 1970 through 1973. After a mistrial was declared, appellant agreed to plead guilty to one count of the indictment in exchange for the government's promise that the remaining four counts against him would be dismissed.

In 1979, in the District Court for the Western District of Oklahoma, a seven-count indictment was returned against appellant, charging numerous fraudulent schemes, including an advance fee scheme, bank fraud, and security and wire fraud for the years of 1976 through 1977.

Appellant contends that the plea bargain, made in California, included a promise from the government that there would be no new indictments with respect to any pending investigations. Apparently, at the time of the California plea agreement, both parties were aware that the United States Attorney's Office in the Western District of Oklahoma was conducting an investigation concerning appellant and presenting evidence to a federal grand jury in that district. Appellant challenges the Oklahoma indictment, contending that it is barred by the plea bargain agreement made in California.

Appellant filed a motion in the trial court to dismiss the indictment. The court conducted an evidentiary hearing, at which time briefs were filed and testimony was taken. After carefully considering all of the evidence, the court found that the plea bargain did not contain a promise that there would be no forthcoming indictment in Oklahoma. Accordingly, the motion to dismiss the indictment was denied. This appeal followed.

The government subsequently filed a motion to dismiss this appeal on the ground that the order is not final under the tenets of 28 U.S.C. § 1291. The district court, in staying its proceedings pending disposition of this appeal, concluded that its order denying appellant's motion to dismiss is immediately appealable, though interlocutory. For the following reasons, we disagree.

It is well established that there is no constitutional right to an appeal. *McKane v. Durston*, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894). The right of appeal, as we presently know it in criminal cases, is statutory in nature, and the appellant must come within the statutory terms. *Abney v. United States*, 431 U.S. 651, 656, 97 S.Ct. 2034, 2038, 52 L.Ed.2d 651 (1977); *United States v. Ritter*, 587 F.2d 41, 43 (10th Cir. 1978); 28 U.S.C. § 1291. Interlocutory or "piecemeal" appeals are disfavored and barring some explicit exception to the finality of judgment rule, pretrial orders, in criminal cases, are not appealable. *See United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978); *see also United States v. Valenzuela*, 584 F.2d 374, 377 (10th Cir. 1978).

Appellant relies upon the case of *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977) [hereinafter *Abney*] to support immediate appealability. In *Abney*, the Court held that an

order denying petitioner's challenge to the sufficiency of an indictment, premised on the possibility of petitioner being tried twice for the same offense, is immediately appealable. *Abney*, 431 U.S. at pp. 659–662, 97 S.Ct. at pp. 2040–2041.

The essence of appellant's argument is that the district court's order is immediately appealable because he is being put in double jeopardy. The government argues that there is no double jeopardy in that the California indictment, concerning tax fraud for the years of 1970 through 1973, has nothing whatsoever to do with the challenged indictment concerning the years of 1976 through 1977. Appellant has not asserted that there is any connection other than the plea agreement, between the crimes charged in the two indictments.

We have reviewed the record and it is clear that a violation of the double jeopardy prohibition cannot result from trial on the challenged indictment. We have stated before that: "the mere recitation of the term 'double jeopardy' in the motion to dismiss does not bring defendant's appeal within the *Abney* exception. Rather, it must appear from the record that a prior jeopardy has already attached, thus raising the possibility that a second trial may constitute an unlawful action." *United States v. Ritter*, 587 F.2d 41, 43 (10th Cir. 1978) (citation omitted).

■ It is well settled that the burden is on the defendant to establish the facts supporting his motion for dismissal on the ground of double jeopardy. *See United States v. Rumpf*, 576 F.2d 818, 823 (10th Cir.), *cert. denied*, 439 U.S. 893, 99 S.Ct. 251, 58 L.Ed.2d 239 (1978). Appellant has not met that burden. He has failed to present any evidence or argument that would suggest that he is being tried for the same offense twice. The bottom line of appellant's motion is that the government has violated a previous plea agreement. *Abney*, based on double jeopardy, does not authorize the immediate appealability of such a motion.

Appellant asserts, however, that *United States v. Alessi*, 536 F.2d 978 (2nd Cir.),

*cert. denied*, 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976) [hereinafter *Alessi*], decided before *Abney*, supports his jurisdictional argument.

In *Alessi*, the petitioner was prosecuted for failure to file federal income tax returns. Petitioner argued that prosecution was barred by the terms of a prior plea bargain pursuant to which he pled guilty to a narcotics conspiracy. The government had agreed not to prosecute the petitioner for any other aspect of the narcotics conspiracy in exchange for the guilty plea. The petitioner urged that this agreement barred the charge of tax evasion because much of the income which he allegedly failed to report was generated by the narcotics operation. Petitioner made a motion to dismiss on double jeopardy and due process grounds.

The Second Circuit recognized that the denial of a motion to dismiss on double jeopardy grounds is immediately appealable. The court then held that "[a]lthough the present appeal is based on due process grounds—i. e., that the government has failed to fulfill an earlier promise not to prosecute," interests similar to the ones justifying immediate appealability of double jeopardy claims applied to the case before it. 536 F.2d at 980. The court thus allowed the intermediate appeal to proceed, and ruled against the petitioner on the merits. We do not believe *Alessi* purports to establish a fixed rule that the denial of a motion to dismiss an indictment, premised on a violation of a plea bargain agreement, is always immediately appealable. Rather, after examining the interests relevant in that particular case, the court opted to permit an immediate appeal.

The petitioner's motion in this case involves disputed factual issues which were resolved only after a full evidentiary hearing. Furthermore, petitioner's contentions can be fully reviewed by this court on direct appeal in the event of a conviction. Under these circumstances, we do not believe that the due process violation alleged in this case, serious as it may be, is the kind that justifies a departure from the general rule

of non-appealability of prejudgment motions.

Appellant has failed to satisfy his burden to establish the essential ingredients necessary to justify immediate consideration. *See United States v. MacDonald*, 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978); *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *United States v. Ritter*, 587 F.2d 41 (10th Cir. 1978).

The appeal is dismissed for lack of a final judgment. The mandate shall issue forthwith.