Cristobal J. CHAVEZ, Plaintiff-Appellee,

v.

Lawrence P. SINGER,
Defendant-Appellant.

No. 81–1398.

United States Court of Appeals,
Tenth Circuit.

Jan. 25, 1983.

Rehearing Denied May 19, 1983.

Peter V. Culbert of Jones, Gallegos, Snead & Wertheim, P.A., Santa Fe, N.M., for plaintiff-appellee.

John F. Cordes, Atty., Dept. of Justice, Washington, D.C. (Don J. Svet, Acting U.S. Atty., Albuquerque, N.M., J. Paul McGrath, Asst. Atty. Gen. and Barbara L. Herwig, Dept. of Justice, Washington, D.C., with him on briefs), for defendant-appellant.

Before SETH, HOLLOWAY and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A federal employee sued his immediate superior in state court for negligence. The case was removed to federal court which has jurisdiction under 28 U.S.C. § 1442(a)(1). Defendant pleaded absolute immunity, and appeals from a partial summary judgment denying that defense. We affirm.

Plaintiff-appellee Chavez was a firefighter employed by the United States Department of Energy, DOE, at Los Alamos, New Mexico. Defendant-appellant Singer was a Fire Captain employed by DOE and plaintiff's immediate supervisor. On February 28, 1979, the parties responded to a call to rescue a cat stranded on a utility pole. Defendant ordered plaintiff to climb a ladder and retrieve the cat. While doing so plaintiff received an electric shock which knocked him from the ladder and caused serious personal injuries. Plaintiff received workmen's compensation for his injuries under the Federal Employees' Compensation Act.

■ The district court granted a partial summary judgment denying the defense claim of absolute immunity. The threshold question is appellate jurisdiction under 28 U.S.C. § 1291, which allows appeals from final decisions. Defendant contends that appeal lies under the collateral order exception to the finality rule. This exception originated in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. For the exception to apply, three elements must exist, (1) the appeal must be from an order conclusively resolving a disputed question; (2) the issue resolved must be collateral to and separate from the merits of the action; and (3) the issue must be effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457–58, 57 L.Ed.2d 351. *Nixon v. Fitzgerald*, —— U.S. ——, ——, 102 S.Ct. 2690, 2698, 73 L.Ed.2d 349, 358–359, adds the additional requirement that the appeal present "a serious and unsettled question."

*Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651, holds that a pretrial order denying a motion to dismiss on double jeopardy grounds comes within the collateral order exception. The Court said, Id. at 659, 97 S.Ct. at 2040: "[H]e [the defendant] is contesting the very authority of the government to hale him into court to face trial on the charges against him." *Abney* was followed in *Helstoski v. Meanor*, 442 U.S. 500, 506–507, 99 S.Ct. 2445, 2448–

49, 61 L.Ed.2d 30 (Speech and Debate Clause) and in *Nixon v. Fitzgerald*, —— U.S. ——, ——, 102 S.Ct. 2690, 2698–99, 73 L.Ed.2d 349, 358–359 (executive privilege).

The Tenth Circuit has not considered the problem presented. *United States v. Ritter*, 10 Cir., 587 F.2d 41, is not on point because the dismissal of the indictment was not on constitutional grounds and, hence, *Abney* did not apply. In *Forsyth v. Kleindienst*, 3 Cir., 599 F.2d 1203, the court held that the grant of a defense motion for summary judgment on issues of absolute and qualified executive immunity was appealable. *Briggs v. Goodwin*, D.C.Cir., 569 F.2d 10, cert. denied, 437 U.S. 904, 98 S.Ct. 3089, 57 L.Ed.2d 1133, holds that a motion to dismiss on procedural grounds is appealable. See Wilkey, Circuit Judge, speaking for majority at 58–60.

■ Logically, the reasoning of *Abney* should be applied here. A claim of absolute immunity, like a claim of double jeopardy, should be determined before a trial on the merits. In each situation a defendant contests a plaintiff's right to "hale him into court." The district court here conclusively determined the immunity question. Immunity is important and collateral to the merits of the action. The right to immunity is a question of law and is arguably lost once the trial is held. The defendant's immunity claim presents a serious and unsettled question. We are convinced that the standards which the Supreme Court has set for the appealability of a "collateral order" have been met. The motion to dismiss the appeal is denied.

■ The defense motion for summary judgment is based solely on the claim of absolute immunity and we are not concerned with any issue of qualified immunity. *Henriksen v. Bentley*, 10 Cir., 644 F.2d 852, 856, holds that the burden is on the defendant to raise, and establish his entitlement to, qualified immunity. He has not done so.

Defendant bases his absolute immunity claim on *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434. The defendant,

Acting Director of an important federal agency, was charged with libel in a press release relating to a matter of wide public interest. The Court held that the action was within "the sound exercise of discretionary authority" and within the "outer perimeter of petitioner's line of duty." Id. at 575, 79 S.Ct. at 1341. *Doe v. McMillan*, 412 U.S. 306, 93 S.Ct. 2018, 36 L.Ed.2d 912, concerned the scope of congressional immunity under the Speech and Debate Clause. After referring to *Barr v. Matteo* the court said, Id. at 320, 93 S.Ct. at 2028, that: "The scope of immunity has always been tied to the 'scope . . . of authority,' " citing *Wheeldin v. Wheeler*, 373 U.S. 647, 651, 83 S.Ct. 1441, 1445, 10 L.Ed.2d 605. The Court said, 412 U.S. at 320, 93 S.Ct. at 2028, that it:

"has not fashioned a fixed, invariable rule of immunity but has advised a discerning inquiry into whether the contributions of immunity to effective government in particular contexts outweigh the perhaps recurring harm to individual citizens . . . ."

The balancing test was recognized in *Harlow v. Fitzgerald*, —— U.S. ——, ——, 102 S.Ct. 2727, 2736, 73 L.Ed.2d 396, 407.

An in banc decision in *Jackson v. Kelly*, 10 Cir., 557 F.2d 735, denied absolute immunity to a physician stationed at an Air Force hospital. After reviewing *Barr v. Matteo* and *Doe v. McMillan*, the Court said, Id. at 737,

" . . . the Court mandates the use of the discretionary function test, and a direct balancing of the policies underlying the immunity doctrine in the context of each fact situation."

The decision distinguished medical discretion from governmental discretion and says that because the physician's acts were not governmental in nature, he was not shielded by the doctrine of absolute immunity. Id. at 739. In applying the balancing test, the court said, Id. at 739:

" . . . the burden to effective government does not outweigh the dangers to individual citizens of being severely or permanently injured or maimed by negligent military physicians. Effective government would not suffer excessively if monetary compensation were permitted because the alleged wrongful conduct does not involve politically sensitive judgments or discretionary governmental acts."

*Jackson* was followed in three cases involving immunity claims by persons other than doctors. See *G.M. Leasing Corp. v. United States*, 10 Cir., 560 F.2d 1011, 1013–1014; *Barton v. United States*, 10 Cir., 609 F.2d 977, 979; and *Howard Routh and Sons v. United States*, 10 Cir., 668 F.2d 454, 457.

In denying immunity, the district court applied both the function and balancing tests. With regard to function the Record shows, Deposition of Singer, R.Vol. IV, pp. 39, 51–52, 68–71, that defendant, as one of several Fire Captains, supervised a group of firemen. He in turn was supervised by several Assistant Fire Chiefs, the Fire Chief, and the Head of Security and Fire Protection. Defendant had no policy making authority. Although he had operational control at a fire scene, he was required to follow established procedures. At most, his discretion was minimal. Defendant was aware of the hazard in climbing a ladder set against a utility pole and did not warn the plaintiff.

*Jackson* holds, 557 F.2d at 737–738, that a duty "is not discretionary if it involves enforcement or administration of a mandatory duty at the operational level, even if professional expert evaluation is required." We agree with the district court that the selection and implementation established by existing procedures may require an evaluation of those procedures but that does not prove a discretionary function sufficient to sustain a defense of absolute immunity.

The functional test is satisfied. The balancing test requires the weighing of threat to effective government against harm to an individual. The plaintiff received serious injuries in a mission of little, if any, governmental importance. The balance lies in favor of the plaintiff who was severely injured in attempting to perform a hazardous act.

The motion to dismiss is denied and the partial summary judgment denying the defense of absolute immunity is affirmed.