**JOHN DOE CORPORATION,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America; William French Smith, U.S. Attorney General; J. Randolph Maney, Trial Attorney; W. Hickman Ewing, Jr., U.S. Attorney, Defendants-Appellees.**

No. 82–5611.

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1983.

Decided July 21, 1983.

Cono R. Namorato, Graeme W. Bush, Richard Trimbie (argued), Caplin & Drysdale, Chartered, Washington, D.C., Frank J. Glankler, Jr., Michael Robinson (lead counsel), J.N. Raines, Memphis, Tenn., for plaintiff-appellant.

J. Randolph Maney, John P. Fitzgerald, Dept. of Justice, Washington, D.C., Daniel A. Clancey, U.S. Atty., Memphis, Tenn., James Springer (argued), Glenn L. Archer, Jr. (lead counsel), Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Dept. of Justice, Tax Div., Washington, D.C., for defendants-appellees.

Before KENNEDY and MARTIN, Circuit Judges, and WEICK, Senior Circuit Judge.

PER CURIAM.

The John Doe Corporation appeals from the district court's denial of its request for a temporary restraining order, a preliminary injunction, and a permanent injunction, to prevent the return of a grand jury indictment against it. In essence the corporation is attempting to enforce its plea agreement with the government which it alleges protects it from the criminal prosecution contemplated here. The district court permitted the grand jury to return an indictment, under seal, charging the corporation with conspiracy to defraud the United States in the collection of income taxes, 18 U.S.C. § 371, and with three counts of filing a false tax return, 26 U.S.C. § 7206(1). The court interpreted the language of the plea agreement to permit the present prosecution and treated its ruling, additionally, as a denial of a motion to dismiss the indictment.

In 1975 and 1976, the corporation's grain and agricultural commodities activities were being investigated by a grand jury in the Eastern District of Louisiana. On May 6, 1976, the corporation finalized the presently disputed plea agreement with the government. It agreed to plead *nolo contendere* to one count of conspiracy and thirty-six counts of making false statements. The government agreed in exchange to "terminate and foreclose the criminal prosecution of the Company by the Government for any other possible federal criminal violations in the Eastern District of Louisiana . . . ." Paragraph 4. In paragraph 5 of the agreement the government expressly reserved the government's right to "prosecute any and all civil proceedings." This final draft of the agreement did not expressly reserve the government's right to bring a criminal action against the corporation any place in the country, as the original had.

There are two issues on appeal before this Court, one procedural and one substantive. The first issue is whether the district court's decision is appealable as a final judgment pursuant to 28 U.S.C. § 1291. The second issue, if we have jurisdiction, is whether the district court's interpretation of the plea agreement was proper. Because we find that the lower court's order is not appealable, we do not reach the substantive issue presented.

The parties agree that federal courts of appeals have jurisdiction to hear appeals from "all final decisions of the district courts." 28 U.S.C. § 1291. Additionally, courts have construed the statute to permit interlocutory review of a small class of cases in which post-judgment review would frustrate the interests in issue. The corporation characterizes the proceedings below as "civil" and asserts that the denial of injunctive relief is a final judgment, appealable pursuant to 28 U.S.C. § 1291. In the alternative the corporation contends that the order, if interlocutory, fits into that narrow class of civil and criminal cases which are exceptions to the final judgments rule. *See Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949); and *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The government asserts that the proceedings below were part and parcel of the imminent criminal prosecution. As such, review of the district court's refusal to enforce the plea agreement and dismiss the indictment must await final resolution of the criminal proceedings.

■ We cannot agree with the corporation that this is a civil appeal from the denial of injunctive relief. The characterization of a case cannot be based "simply on the mechanical application of the terms 'civil' and 'criminal' to the proceedings below." *In Re April 1977 Grand Jury Subpoenas,* 584 F.2d 1366, 1368 (6th Cir.1978), *cert. denied sub nom. General Motors Corp. v. United States,* 440 U.S. 934, 99 S.Ct. 1277, 59 L.Ed.2d 492 (1979). Rather this Court must look at the foundation of the case and the purpose of the proceedings as well as its formal nomenclature.

Formally, the corporation invoked the district court's civil powers to enforce a plea agreement. However, the plea agreement itself arose in a *criminal* context and the corporation sought to avoid *criminal* charges. Clearly the foundation of this case rests on a criminal proceeding which the corporation anticipated and desired to forestall. The corporation's sole purpose in seeking to enforce its plea agreement was to avoid criminal prosecution, subsequent trial, and potential conviction. The facts considered as a whole and in context reveal the essential criminal nature of this action. When the action began the case was an injunction proceeding seeking to prohibit action by a properly constituted grand jury. Now that a sealed indictment has been returned against the corporation we are now reviewing, as recognized by the district court, a motion to dismiss a grand jury true bill.

■ It is well settled that "piecemeal disposition" and "separate review" of individual elements of a criminal case is discouraged. *See, e.g., Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 541,

84 L.Ed. 783 (1940) quoted in *In Re April 1977 Grand Jury Subpoenas,* 584 F.2d at 1639. Interlocutory appeals from criminal pretrial orders are prohibited, unless they arise under an explicit exception to the final judgments rule. *See United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978); *United States v. Eggert,* 624 F.2d 973, 974 (10th Cir.1980). In *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), the Supreme Court explained the exception to 28 U.S.C. § 1291, for appeal of "rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." The most well-established exception to the final judgments rule arose in *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). The Supreme Court permitted a criminal defendant to appeal the denial of his motion to dismiss the indictment on the grounds that it violated his right against double jeopardy. The Court reasoned that this right would be lost if the defendant were forced to stand trial a second time for the same offense. *See also Helstoski v. Meanor,* 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979) (order denying Speech and Debate Clause defense to prosecution immediately appealable).

■ The corporation analogizes its situation to that in *Abney,* arguing that its contractual right not to be prosecuted would be lost if it were forced to defend the present indictment. For support it relies primarily on *United States v. Alessi,* 536 F.2d 978 (2d Cir.), *cert. denied,* 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976). The Second Circuit permitted a criminal defendant to challenge the district court's interpretation of a plea agreement as not foreclosing future prosecutions. The court reasoned that the defendant's due process interest in enforcing the government's promise not to prosecute was similar to a defendant's double jeopardy interests. The corporation, in the present case, invites us follow the Second Circuit's approach to interlocutory appeals.

We decline to follow *Alessi* but rather embrace the reasoning of the Tenth Circuit in *United States v. Eggert.* In a situation nearly identical to the present case, the district court denied Eggert's motion to dismiss the indictment on the basis of a prior plea agreement and the Tenth Circuit deemed the pretrial order unappealable. The court found that the appellant had not demonstrated a due process interest sufficient to justify piecemeal review of the criminal action. In the present case we also find no due process interest sufficient to justify an exception to that final judgments rule. The corporation asserts that it has an interest in not standing trial and not suffering from adverse publicity concomitant to a criminal indictment. These interests are not unique to the corporation but are shared by *all* individuals indicted on criminal charges. As serious as these interests are, they are not "the kind that justif[y] a departure from the general rule of non-appealability of prejudgment motions." *Eggert,* 624 F.2d at 976. The corporation will not lose the protection, if any, afforded it by the plea agreement if review is deferred. Should the defendant be convicted under the present indictment, we will have the opportunity to review the scope of the plea agreement and order appropriate relief.

As the Court noted in *United States v. Ryan,* 402 U.S. 530, 532–3, 91 S.Ct. 1580, 1581–2, 29 L.Ed.2d 85 (1971),

[W]e have consistently held that necessity for expedition in the administration of the criminal law justifies putting one who seeks to resist the production of desired information to a choice between compliance with a trial court's order to produce prior to any review of that order, and resistance to that order with the concomitant possibility of adjudication of contempt if his claims are rejected on appeal.

Accordingly, those criminal prejudgment orders which are exceptions to 28 U.S.C. § 1291 are few indeed. The corporation's interest in due process, although substantial, does not warrant an exception to the final judgments rule and sound federal poli-

cy. Were we to adopt the argument advanced by the corporation, we would create another layer of appellate review prior to trial. We believe no useful purpose will be served by this procedure. The protected interest of the corporation will not be jeopardized if review is deferred until the case has been tried.

The appeal is dismissed as improvidently granted pursuant to 28 U.S.C. § 1291.