818 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v,
Umberto DEL RIVO, Defendant-Appellant
 No. 86-3566.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1987.
 
 Before MARTIN and MILBURN, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Umberto Del Rivo appeals the denial of his motion to dismiss an Ohio indictment charging him with conspiracy to possess marijuana with intent to distribute and criminal tax evasion. Del Rivo alleges that the Ohio indictment for conspiracy violates the "double jeopardy clause" based on his plea bargain of an earlier indictment in Louisiana. He also argues that the charges for tax evasion violate his Louisiana plea agreement. For the reasons stated below we find no double jeopardy violation. We also find we lack jurisdiction to review his plea agreement. We therefore affirm the judgment of the district court.
 
 
 2
 Umberto Del Rivo was indicted by a federal grand jury in the Eastern District of Louisiana on June 14, 1984. He was charged with one count of conspiracy to possess with intent to distribute approximately 15,000 pounds of marijuana and one count of possession of marijuana with intent to distribute. The only other person named in this indictment was James Frederick Hager though the conspiracy count referred to "diverse other persons, known and unknown to the Grand Jury." The conspiracy count listed a period of time from June 1, 1979, through November 30, 1979. The location was the "Eastern District of Louisiana and elsewhere."
 
 
 3
 On October 17, 1984, Del Rivo entered into a plea agreement with the Louisiana United States Attorney. He agreed to plead guilty to an "accessory after the fact" charge and to undergo a "debriefing" in exchange for dismissal of the conspiracy and possession charges. Because these charges were dismissed, jeopardy never attached to the conspiracy charge. "The state of jeopardy attaches when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence." United States v. Martin Linen Supply Co., 430 U.S. 564, 569 (1977) (citing Illinois v. Somerville, 410 U.S. 458, 471 (1973) (White, J., dissenting)).
 
 
 4
 Though it might seem unjust that a defendant has no double jeopardy defense in a plea bargaining situation, courts have held that defendants have other remedies available to protect them if a plea bargain has been breached by a prosecutor. " [S]ufficient constitutional and statutory measures protect defendants in cases that might be tainted by an overzealous prosecutor abusing the rules marking the attachment of jeopardy to make abandonment of those rules unnecessary' where a previous indictment ha[s] been dismissed at the government's request." United States v. Stricklin, 591 F.2d 1112, 1120 (5th Cir.), cert. denied. 444 U.S. 963 (1979) (quoting United States v. Pitts, 569 F.2d 343, 347 n.5 (5th Cir.), cert. denied, 436 U.S. 959 (1978)). In Stricklin the defendant was protected by his Sixth Amendment right to a speedy trial. Here, as we will now discuss, the defendant may allege breach of a plea agreement once he has been tried on the Ohio charges.
 
 
 5
 Del Rivo next argues that his Ohio indictment for criminal tax evasion violates his Louisiana plea agreement. We dismiss this claim for lack of jurisdiction. United States Code Title 28 Sec.l291 gives us jurisdiction to hear appeals from all final decisions of the district courts. In this case Del Rivo's Louisiana plea agreement does not constitute a final and appealable order.
 
 
 6
 The Supreme Court has identified very few exceptions to the final judgments rule, allowing them only for the appeal of "rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Loan Corp., 337 U.S. 541, 546 (1949) (cited in John Doe Corp. v. United States, 714 F.2d 604, 606 (6th Cir. 1983)). The most well-recognized exception occurs in the case of double jeopardy where the right would be forever lost if a defendant were forced to stand trial for the same offense. John Doe Corp, 714 F.2d 604, 606 (citing Abney v. United States, 431 U.S. 651 (1977)). However, other non-appealable claims are not rendered appealable by joining them with a double jeopardy claim. United States v. MacDonald, 435 U.S. 850, 857 n.6 (1978).
 
 
 7
 This claim, based on the alleged violation of a plea agreement in a criminal case, does not fall within any of the exceptions to the final judgments rule. John Doe Corp. is controlling, and we decline to exercise jurisdiction over this appeal which amounts to an interlocutory appeal from a criminal pretrial order, 714 F.2d 604, 606.
 
 
 8
 The judgment of the district court is affirmed.