21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Affiliated UTE CITIZENS of the State of Utah, Plaintiff-Appellee,
v.
UTE INDIAN TRIBE of the Uintah and Ouray Reservation, a
federal corporation; Framk Arrowchis, Stewart Pike, Floyd
Wopsock, Lester Chapoose, Leon Perank, Maxine Natches, in
their official capacity as Tribal Business Committee;
Donald P. Hodel, in his official capacity as the Secretary
of the Interior of the United States; Brent Ward, U.S.
Attorney, United States District Attorney for the District
of Utah, and their successors, agents, assigns and
employees, Defendant-Appellees.
Charles E. Van, Carnes Burson, La Barbara Hendricks Poletti,
Ella B. Allen, Margeurite M. Hendricks, Alfonzo Van, Sr.,
Shiril Van Christofferson, Dora Van Harrington, Glennis Van
Murray, Aileen B. Massey, Carma Bly Burson Gonzales, Lavera
Dubberly, Tony Valladolid, Leonard Burson, Harris Murray,
Lynn Valladolid, Weldon N. Burson, Jr., Robert G. Burson,
Ernest L. Taylor, Arlene Burson Gardner, Dudley W. Burson,
Rosa Valladolid, Brett Hendricks, Fred L. Burson, Leah
Mathison Small, Roy Young, Mildred Irene Denver, Alvin
Denver, Melvin Reed, Martin Reed, Dennis Reed, Lawanna Reed
Tabbee, Cordie Reed Maez, Franklin Reed, Donald Reed,
Russell Reed, Stewart Reed, Robert Reed, Louise Case,
Margaret Reed Artalejo, Ezelda Van Hendricks, Charley
Hendricks, Jr., Rita Jean Reed, Henry Reed, Stacy Reed, Jr.,
Richard Curry, Linda Reyos, Kenneth Reyos, Paul D. Reyos,
Richard Curry, Jr., Lola Ballard, Christine Galloway, Carma
Calleen Reed Gardner, Nelson Young, Jesse Valladolid,
Richard Taylor, Hellen Montes Taylor, Patricia Ann Taylor,
Richarda Taylor, Robert Wayne Taylor, Annie Murray, Carl
Larose, Darrol Larose, Regina Curry Livingston, Ralph E.
Curry, Henry Reed, Thomas C. Montes, David M. Murray, and
Loren F. Larose, Movants-Appellants.
 No. 93-4063.
 United States Court of Appeals, Tenth Circuit.
 April 20, 1994.
 
 Appeal from the United States District Court for the District of Utah.
 Robert S. Thompson, Tod J. Smith and Sandra Hansen Boulder, CO.
 Kathryn Collard, Salt Lake City, UT, Steven Russell, Salt Lake City, UT, and Kent A. Riggins, Idaho Falls, ID.
 Max D. Wheeler and Camille N. Johnson, Salt Lake City, UT.
 ORDER AND JUDGMENT[1]
 Before ANDERSON and McWILLIAMS, Circuit Judges, and SHADUR,[2] District Judge.
 For clarity and for the issue of sanctions, we companion this appeal with the appeal in No. 93-4007, Affiliated Ute Citizens v. Ute Indian Tribe ("Tribe's" Appeal). A copy of our opinion in that matter is attached and the facts are incorporated by this reference.
 The appellants' attorney, Mr. Kent Higgins, orally "withdrew" this appeal at argument, for the reason that the stated purpose of the appeal--to fill the empty chair in the Tribe's appeal--was mooted by the appearance in that appeal of the Affiliated Ute Citizens of the State of Utah ("AUC") and Ute Distribution Corporation ("UDC"). We agree that this appeal should be dismissed, but on different grounds.
 The action below was commenced by the AUC in 1985. The district court's order relating to the Tribe's sovereign immunity was entered on February 3, 1987. Three years later, on February 20, 1990, the appellants here, through Mr. Higgins, moved to intervene. The district court did not rule on the motion, but did allow the appellants to participate. On October 27, 1992, the district court dismissed the action on the ground that the AUC lacked standing. The AUC did not appeal, but the Tribe did as to the district court's 1987 ruling on sovereign immunity.
 Thereafter, without filing a motion to intervene or otherwise articulating a satisfactory justification, Mr. Higgins filed in this court in the Tribe's appeal (No. 93-4007):(1) a notice of appearance as attorney for the AUC (March 22, 1993); (2) a brief on the merits (July 14, 1993); and (3) a motion to dismiss the Tribe's appeal (July 22, 1993). These filings were made despite the fact that on January 28, 1993, the AUC appeared through its counsel of record and filed a motion to dismiss the Tribe's appeal, and despite the May 28, 1993, motion by the UDC to intervene in the Tribe's appeal, which motion was granted on June 22, 1993.
 Mr. Higgins simultaneously filed this appeal from the judgment of the district court. He initially argued that the district court erred by failing to grant the appellants' motion to intervene, and that these appellants needed to contest the issue of sovereign immunity in the Tribe's appeal because the issue was unopposed (an "empty chair" for the appellee in No. 93-4007). As indicated above, Mr. Higgins conceded at oral argument on March 18, 1994, that even under his view of the situation his claims became moot no later than July 28, 1993, when the UDC and AUC filed their joint brief on the merits in the Tribe's appeal. Nevertheless, Mr. Higgins took no action and allowed this appeal to proceed to argument.
 Mr. Higgins' multiple filings are irreconcilable. If one is to infer that he claims de facto intervenor party status for his clients in the proceedings below, see, e.g., In re Grand Jury Proceedings, Vargas, 723 F.2d 1461, 1463-64 (10th Cir.1983) (where party was allowed to participate in the district court proceedings, the district court's failure to rule upon its motion to intervene did not prevent it from appealing), then he had no basis for this appeal. His client could, and must, proceed as party-appellees in the Tribe's appeal. If this appeal takes primacy on the ground that Mr. Higgins' clients were not permitted to intervene below, then Mr. Higgins could not file motions and briefs in the Tribe's appeal without a motion to intervene and permission by this court. The tactic of "appearing" for the AUC in No. 93-4007 is wholly unsupported by the record and was not pursued by Mr. Higgins. It simply complicated matters further for the court and the parties.
 Besides being inconsistent, Mr. Higgins' arguments in this appeal address nothing for which real redress can be granted. The dispute over intervention below, even if resolved in favor of these appellants, could only lead to a remand and an amended judgment of dismissal on grounds of standing. The sovereign immunity claim could only be contested where it was raised, i.e., in the Tribe's appeal.
 The AUC and the Tribe seek sanctions against Mr. Higgins and his clients, and Mr. Higgins has had opportunities to respond (1) by filing a reply brief as he was permitted to do (but did not) under Fed. R.App. P. 31; (2) in responding to the motion to strike his brief in the Tribe's appeal; and (3) at oral argument. We therefore see no reason to delay ruling on sanctions. See Braley v. Campbell, 832 F.2d 1504, 1515 (10th Cir.1987).
 This court has inherent power to impose sanctions to deter frivolous filings and promote judicial efficiency, see Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-67 (1980). Additionally, Fed. R.App. P. 38 authorizes us to impose "just damages and ... costs" upon litigants or their attorneys for filing "frivolous" appeals, and 28 U.S.C.1927 provides that "any attorney who ... multiplies the proceedings in any case unreasonably and vexatiously" may be personally sanctioned for the "excess costs, expenses, and attorneys fees reasonably incurred because of such conduct." We have held that under either Rule 38 or 1927 sanctions may be imposed against an attorney personally if his conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Braley, 832 F.2d at 1512.
 We conclude that sanctions are justified against Mr. Higgins personally under Fed. R.App. P. 38 and 28 U.S.C.1927 for vexatiously and unreasonably multiplying proceedings in this court. See Braley, 832 F.2d at 1511-12. His multiple filings, briefs and motions have needlessly consumed the time of the various parties in preparing motions to dismiss, and have unreasonably complicated the resolution of the Tribe's appeal. The Tribe and AUC have requested sanctions equal to their costs and attorneys fees incurred in responding to this appeal and in responding to Mr. Higgins' motions and brief filed in the Tribe's appeal. We will not go so far. Instead, we sanction Mr. Higgins (and not his clients) in the amount of $500, payable in equal shares to AUC and the Ute Indian Tribe.
 The appeal is DISMISSED with sanctions.
 Before ANDERSON and McWILLIAMS, Circuit Judges, and SHADUR,[3] District Judge.
 ANDERSON, Circuit Judge.
 
 
 1
 The Ute Indian Tribe (defendant-appellant) appeals from a favorable judgment in the district court dismissing a suit against the Tribe on the grounds that the plaintiff (appellee), Affiliated Ute Citizens ("AUC"), lacked standing. Although it prevailed below, the Tribe challenges an unfavorable interlocutory order in which the district court held that the Tribe impliedly waived its sovereign immunity from actions like this one brought under the Ute Partition Act, 25 U.S.C. 677-677aa. We dismiss the appeal for lack of a case or controversy and remand the case to the district court with instructions to vacate its ruling on sovereign immunity.
 
 
 2
 The AUC brought this suit against the Tribe in 1985 seeking, among other things, a declaration that it is the authorized representative of the mixed-blood Utes, and a share in the management of certain resources of the reservation under section 10 of the Ute Partition Act, 25 U.S.C. 677i. In an order dated February 3, 1987, the district court dismissed all but one of the AUC's claims on standing and ripeness grounds. It permitted the AUC to continue seeking injunctive relief from future harassment of the mixed-bloods in the exercise of their hunting and fishing rights. The district court further held that the Tribe's sovereign immunity did not bar the suit because Congress had impliedly limited the Tribe's sovereign immunity under the Ute Partition Act.
 
 
 3
 Subsequently, the Ute Distribution Corporation ("UDC") challenged the AUC's authority to represent the mixed-bloods, which led to this court's decision in Murdock v. Ute Indian Tribe, 975 F.2d 683 (10th Cir.1992), cert. denied, 113 S.Ct. 1879 (1993), that the UDC, not the AUC, is the mixed-blood Utes' authorized representative for issues concerning indivisible tribal assets. Id. at 690. Based on this decision, the district court dismissed the AUC's one remaining claim against the Tribe for lack of standing. The AUC does not appeal the dismissal.
 
 
 4
 Instead, the Tribe appeals the February 1987 ruling on its waiver of sovereign immunity, even though it acknowledges that this ruling was not necessary to the district court's final judgment. The Tribe contends that review is warranted because the ruling leaves the Tribe vulnerable to repeated suits in federal court, the ruling prolonged the case for several years subjecting the Tribe to costs of litigation that would have been avoided if the district court had ruled differently, and the ruling may preclude the Tribe from relitigating the sovereign immunity issue in subsequent litigation under the Ute Partition Act.
 
 
 5
 None of these reasons suffices to give us jurisdiction over the Tribe's direct appeal. A prevailing party may not appeal and obtain a review of the merits of findings it deems erroneous which are not necessary to support the decree. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 242 (1939). Our jurisdiction under Article III of the Constitution extends only to actual, ongoing cases or controversies, Honig v. Doe, 484 U.S. 305, 317 (1988), and although the sovereign immunity ruling may have been immediately appealable through the collateral order doctrine under 28 U.S.C. 1291, see Chavez v. Singer, 698 F.2d 420, 421 (10th Cir.1983) (basing jurisdiction on collateral order doctrine in immediate appeal from denial of absolute immunity), or as an interlocutory order under 1292(b), see Sierra Club v. Lujan, 972 F.2d 312, 314 (10th Cir.1992) (permitting 1292(b) appeal from finding of statutory waiver of sovereign immunity), its present controversial quality is mooted by the lack of a plaintiff with standing to sue and, therefore, incentive to contest the merits of the Tribe's appeal.[4]
 
 
 6
 The Tribe's concern that the interlocutory ruling, if left alone, will be preclusive is unwarranted. Collateral estoppel requires in part a final adjudication of the issue on the merits, United States v. Rogers, 960 F.2d 1501, 1508 (10th Cir.), cert. denied, 113 S.Ct. 817 (1992), and it arises only when the adjudication was necessary to the judgment. Murdock, 975 F.2d at 687. In this case, the district court's interlocutory ruling on sovereign immunity proved to be unnecessary to the final judgment and therefore would not carry a preclusive effect. In any event, however, in circumstances such as these, where the sovereign immunity ruling became moot by a subsequent ruling on standing, rather than by action attributable to one or more parties such as a settlement, and where the Tribe made a timely request to the district court that its prior ruling be vacated, we deem it appropriate to vacate the sovereign immunity ruling. See United States v. Munsingwear, Inc., 340 U.S. 36, 39-40 (1950) (holding that the standard practice in federal courts is to vacate judgments that have become moot pending appeal, unless no motion to vacate is made); see also Karcher v. May, 484 U.S. 72, 82-83 (1987) (holding that vacatur of prior judgments is appropriate only where the controversy becomes moot due to circumstances unattributable to any of the parties); Oklahoma Radio Assoc. v. FDIC, 3 F.3d 1436, 1444 (10th Cir.1993) (declining to vacate prior opinion to accommodate settlement).
 
 
 7
 For the reasons stated above, this appeal is DISMISSED and the action is REMANDED to the district court with instructions to vacate its ruling on sovereign immunity.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The Honorable Milton I. Shadur, Senior Judge, United States District Court for the Northern District of Illinois, sitting by designation
 
 
 [3]
 The Honorable Milton I. Shadur, Senior Judge, United States District Court for the Northern District of Illinois, sitting by designation
 
 
 [4]
 Cases become moot "when the issues presented are no longer live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)). Although issues that are otherwise moot may be reviewed if they are "capable of repetition, yet evading review," Murphy, 455 U.S. at 482, the sovereign immunity issue in this case does not have an inherent problem of limited duration that will cause it to evade review in future litigation