FILED
United States Court of Appeals
Tenth Circuit

February 14, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEREMY C. MYERS,

        Plaintiff - Appellee,

v.

    No. 11-1299
    (D.C. No. 1:09-CV-02802-REB-MEH)
    (D. Colorado)

BRIAN KOOPMAN, Detective in the
Loveland, Colorado Police Department
in his individual capacity,

        Defendant - Appellant,

CITY OF LOVELAND, Colorado, a
municipality,

        Defendant.

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Plaintiff Jeremy C. Myers brought suit for malicious prosecution against

Officer Bryan Koopman under 42 U.S.C. § 1983 in the United States District

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Court for the District of Colorado. Koopman moved to dismiss on various grounds, including absolute immunity, but the district court denied the motion. On appeal he renews his claim of absolute immunity. We affirm because his alleged misconduct was not committed in "performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). Koopman also raises other arguments, but we do not consider their merits because they were not preserved below.

## I.     BACKGROUND

Myers originally filed suit in Colorado state court, raising a number of claims against ten defendants. The case was removed to federal court in late 2009. On February 11, 2011, the district court dismissed many of the claims but granted permission to file an amended complaint with respect to several claims. Myers filed an amended complaint on March 2, naming as defendants only Koopman in his individual capacity and the City of Loveland.

The sole claim in the amended complaint was a claim under 42 U.S.C. § 1983 for malicious prosecution in violation of Myers's rights under the Fourth and Fourteenth Amendments. It alleged that Koopman falsified and omitted information in an affidavit for a search warrant, fabricated or improperly manipulated evidence, falsified information in an affidavit for an arrest warrant, and gave false testimony at a preliminary hearing.

The defendants moved to dismiss on several grounds. The district court dismissed the claims against the City of Loveland and the substantive-due-process claims against Koopman. But it rejected Koopman's other arguments. In particular, it concluded that Koopman was not entitled to absolute prosecutorial immunity because he had not "adopted the role of a prosecutorial advocate" in performing the activities alleged in the amended complaint. Stip. App. at 131–32 (Order Concerning Defs.' Mot. to Dismiss at 11–12, *Myers v. Koopman*, No. 09-02802 (D. Colo. June 16, 2011)). On appeal Officer Koopman argues that all his actions qualify for absolute prosecutorial immunity and that, at a minimum, he should have immunity for his preliminary-hearing testimony and his actions after the initiation of legal process.

## II.   ANALYSIS

Ordinarily, the denial of a motion to dismiss is not a final order and therefore not appealable. But under the collateral-order doctrine, denial of absolute immunity is a final, appealable order because a person entitled to absolute immunity is protected against being haled into court. *See Chavez v. Singer*, 698 F.2d 420, 421 (10th Cir. 1983). Our review of an absolute-immunity claim is de novo. *See Malik v. Arapahoe Cnty. Dep't of Soc. Servs.*, 191 F.3d 1306, 1313 (10th Cir. 1999).

Koopman contends that he is entitled to absolute immunity for the "entire single claim" of malicious prosecution. Aplt. Br. at 20. Noting that the claim

against him is for malicious *prosecution*, Koopman argues that because he is being sued for his prosecutorial role, he "should be entitled to share in the prosecutor's absolute immunity." *Id.* at 22. He relies on Justice Ginsburg's concurrence in *Albright v. Oliver*, 510 U.S. 266 (1994), where she wrote:

> [Plaintiff's] reliance on a 'malicious prosecution' theory [in pursuing a claim against a police officer], rather than a Fourth Amendment theory, is anomalous. . . . By focusing on the police officer's role in initiating and pursuing a criminal prosecution, rather than his role in effectuating and maintaining a seizure, [the plaintiff's] theory raises serious questions about whether the police officer would be entitled to share the prosecutor's absolute immunity.

*Id.* at 279 n.5 (Ginsburg, J., concurring).

This argument fails, however, because not even a prosecutor would be immune in performing the acts alleged against Koopman. The question of immunity turns on "the nature of the function performed." *Kalina*, 522 U.S. at 127 (internal quotation marks omitted). "Testifying about facts" is not a function protected by prosecutorial immunity. *Id.* at 130. The actions alleged here—falsifying information in affidavits and giving false testimony in a preliminary hearing—are not those of "an advocate initiating and presenting the government's case." *Mink v. Suthers*, 482 F.3d 1244, 1261 (10th Cir. 2007).

Officer Koopman next argues that even if he does not qualify for immunity for the entire claim, he should at least have immunity for his testimony at the preliminary hearing. Immunity in that circumstance would largely depend on whether he was a complaining witness. *See Anthony v. Baker*, 955 F.2d 1395,

1401 (10th Cir. 1992) (deputy sheriff would not be entitled to absolute immunity in a malicious-prosecution action if he gave testimony as a complaining witness at a preliminary hearing). But we need not decide that question because Koopman did not argue witness immunity in district court. We do not address theories raised for the first time on appeal. *See Bass v. Potter*, 522 F.3d 1098, 1107 n.9 (10th Cir. 2008) ("Because the theory in question was not presented to the district court, the issue is not properly before us and we need not comment further." (ellipsis and internal quotation marks omitted)). For the same reason, we do not address Koopman's argument that he has immunity for actions taken after the initiation of legal process and his challenge to the constitutional basis for a malicious-prosecution claim.

## III.   CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge